J-S42008-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DANIEL JUSTIN DUGAN | |
| Appellant | No. 1284 WDA 2013 |

Appeal from the Judgment of Sentence June 26, 2013
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0001503-2005,
CP-25-CR-0001508-2005

BEFORE:  PANELLA, J., JENKINS, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, J.                    **FILED SEPTEMBER 18, 2014**

Appellant, Daniel Justin Dugan, appeals from the judgment of sentence entered on June 26, 2013, in the Court of Common Pleas of Erie County. Dugan's appointed counsel, Emily Mosco Merski, Esquire, seeks to withdraw, pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009). We affirm the judgment of sentence and grant counsel's petition to withdraw.

On July 5, 2005, Dugan entered into a guilty plea at Docket No. 1503 of 2005 to one count of burglary[1] in violation of 18 PA.CONS.STAT.ANN. § 3502(a) and at Docket No. 1508 of 2005 to one count of corruption of

_____

[1] Dugan, along with his co-defendant, burglarized Plantscape Greenhouse, Dugan's former employer, stealing a safe and removing the money contained therein.

minors[2] in violation of 18 Pa.Cons.Stat.Ann. § 6301(a)(1). The trial court sentenced Dugan on July 25, 2005, to serve a period of 11½ to 23 months' imprisonment at Docket No. 1503 of 2005 to be served consecutive to a period of incarceration of 2 to 4 years' imprisonment and to a five-year probationary period at Docket No. 1508 of 2005. Dugan's probation was subsequently revoked and on October 26, 2011, he was resentenced. Dugan's probation was revoked, for a third time on June 26, 2013. That same day, the trial court resentenced Dugan to his original sentence, 11½ to 23 months' imprisonment at Docket No. 1503 of 2005 to be served consecutive to a period of 2 to 4 years' imprisonment and to a five-year probationary period at Docket No. 1508 of 2005. Counsel filed a timely motion to modify and reduce sentence, which was subsequently denied. A timely appeal followed.

On appeal Dugan raises the following issue for our review:

Whether the Appellant's sentence is manifestly excessive, clearly unreasonable and inconsistent with the objectives of the Pennsylvania Sentencing Code?

*Anders* Brief, at 3.

Preliminarily, we note that Attorney Merski has petitioned to withdraw and has submitted an *Anders* brief in support thereof contending that

_____

[2] Dugan was engaged in sexual relations with a fifteen-year-old female for a period of seven months during which time the two smoked marijuana and consumed alcoholic beverages.

Dugan's appeal is frivolous. Our Supreme Court has articulated the procedure to be followed when court-appointed counsel seeks to withdraw from representing an appellant on direct appeal:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel arguably believes supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Santiago**, 602 Pa. 159, 178-79, 978 A.2d 349, 361 (2009).

We note that Attorney Merski has complied with all of the requirements of **Anders** as articulated in **Santiago**.[3] Additionally, Attorney Merski confirms that she sent a copy of the **Anders** brief to Dugan as well as

_____

[3] Three attorneys have entered their appearance in this matter—all from the public defender's office. The last of them to enter her appearance, on July 8, 2014, is Nicole Denise Sloan, Esquire. Attorney Merski filed the brief; hers is the only name on the brief. It is unclear from the record why multiple attorneys from the public defender's office have entered their appearances. After Attorney Sloan's entry of appearance, Attorney Merski filed a second motion to withdraw indicating that "an appearance was entered by Assistant Public Defender Nicole Sloane"; therefore, "[Dugan] will continue to be adequately represented should the instant application be granted." Petition for Leave to Withdraw As Counsel, 7/14/14, at ¶¶ 2-3. This second motion is moot. As discussed in detail below, we agree that the issue raised on appeal is frivolous and grant the initial motion to withdraw as counsel.

a letter explaining that he has the right to proceed *pro se* or the right to retain new counsel. A copy of the letter is appended to the petition, as required by this Court's decision in **Commonwealth v. Millisock**, 873 A.2d 748 (Pa. Super. 2005), in which we held that "to facilitate appellate review, … counsel *must* attach as an exhibit to the petition to withdraw filed with this Court a copy of the letter sent to counsel's client giving notice of the client's rights." **Id**., at 749 (emphasis in original). **See also Commonwealth v. Daniels**, 999 A.2d 590, 594 (Pa. Super. 2010) (noting **Santiago** "did not abrogate the notice requirements set forth in **Millisock**"). As such, we will proceed to examine the issue set forth in the **Anders** brief, which Dugan believes to be of arguable merit. We agree that the issue presented is frivolous.

"In general, the imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal." **Commonwealth v. Edwards**, 71 A.3d 323, 327 (Pa. Super. 2013) (citation omitted), **appeal denied** 81 A.3d 75 (2013). Appellate review "is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing." 42 PA.CONS.STAT.ANN. § 9771(b); **Commonwealth v. Gheen**, 688 A.2d 1206, 1207-1208 (1997) (the scope of review in an appeal following a sentence

imposed after probation revocation is limited to the validity of the revocation proceedings and the legality of the judgment of sentence).

Dugan argues that his sentence was excessive and the trial court failed to consider the factors enumerated in Section 9721(b) of the Sentencing Code. Such claims are considered a challenge to the discretionary aspects of his sentence.

A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute. *See Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004). When challenging the discretionary aspects of the sentence imposed, an appellant must present a substantial question as to the inappropriateness of the sentence. *See Commonwealth v. Tirado*, 870 A.2d 362, 365 (Pa. Super. 2005). "Two requirements must be met before we will review the challenge on its merits." *McAfee*, 849 A.2d at 274. "First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." *Id*. "Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentenicng Code." *Id*. That is, "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." *Tirado*, 870 A.2d at 365. We examine an appellant's Rule 2119(f) statement to determine

whether a substantial question exists. *See id*. "Our inquiry must focus on the *reasons* for which the appeal is sought, in contrast to the *facts* underlying the appeal, which are necessary only to decide the appeal on the merits." *Id*.

In the present case, Dugan's appellate brief contains the requisite Rule 2119(f) concise statement, and, as such, is in technical compliance with the requirements to challenge the discretionary aspects of a sentence. Dugan argues in his Rule 2119(f) statement that a substantial question exists that his sentence was excessive by referring to the guideline ranges. But the sentencing guidelines do not apply to sentences imposed after the revocation of probation. *See*, *e.g.*, *Commonwealth v. Williams*, 69 A.3d 735, 741 (Pa. Super. 2013). Stripped of the analysis of the guideline ranges, Dugan's excessive sentence argument is little more than a bald assertion that fails to raise a substantial question. *See*, *e.g.*, *Commonwealth v. W.H.M., Jr.*, 932 A.2d 155, 164 (Pa. Super. 2007). Dugan also maintains that the trial court failed to consider certain factors set forth in 42 PA.CONS.STAT.ANN. § 9721(b). This sets forth a substantial question for our review. *See Commonwealth v. Dodge*, 77 A.3d 1263, 1272 n.8 (Pa. Super. 2013). Accordingly, we proceed to examine the merits of this claim. The record reveals that the trial court carefully considered the factors set forth in section 9721(b).

The imposition of sentence is vested in the discretion of the trial court, and should not be disturbed on appeal for a mere error of judgment but only for an abuse of discretion showing that sentence was manifestly unreasonable. *See Commonwealth v. Walls*, 592 Pa. 557, 564, 926 A.2d 957, 961 (2007). In accordance with section 9721(b), "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 PA.CONS.STAT.ANN. § 9721(b).

Importantly, however, in *Walls* our Supreme Court made clear that this Court's statutory authority is limited to determining whether the trial court failed to consider the factors set forth in section 9721(b). *See id*. at 567-568, 926 A.2d at 963. If the trial court considered each of the section 9721(b) factors, this Court must show a high degree of deference to the trial court's sentencing determinations based upon those considerations, largely because the trial court is "in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it." *Id*. at 565, 926 A.2d at 961.

At the sentencing hearing following Dugan's third revocation of probation, the trial court considered the gravity of the offense as well as Dugan's rehabilitative needs when imposing sentence.

I've read the original presentence report, I've read the revocation summary for today, I've read the revocation summary for October 26th of 2011, I've read the revocation summary from February 24th of 2009. I'm the one who imposed the sentence originally in this case, and at that time you were relatively young and you had no prior criminal record.

But as pointed out by the officer preparing the presentence report, it indicated that Mr. Dugan has certainly made a remarkable entrance into the criminal justice system. The burglary of the Subway shop involved the defendant kicking in the side door of the shop, and once inside stealing money from that business. The burglary at the greenhouse involved the defendant taking advantage of his former employer and stealing cash in a safe from that business. And finally, the defendant provided alcohol and marijuana to a 15-year-old girl and engaged in sexual relations with her over an extended period of time. These activities do not speak well of the defendant or his character.

Now, I understand - - and this is back in 2005 when the sentence was, and I kept it all at the county level at that point and you were given any and all treatment you needed, even if it wasn't Court ordered. And that was in 2005. I look at the revocation summary from the first time you come back in 2009, and I think the Commonwealth said it best; you can put all these next to each other, the revocation summaries, and they are all the same. Clearly in your mind you don't think you've done anything wrong or criminal and you need to abide by any of the terms of your supervision or you need treatment for anything, because you thumb your nose consistently at it. And the concern I have is that your lack of progress tells me that you continue to pose a risk to this community.

N.T., Probation Revocation, 6/26/13, at 25-27.

It is apparent that the trial court carefully considered the section 9721(b) factors, particularly the gravity of the offense and Dugan's rehabilitative needs when imposing its sentence—the factors Dugan claims were not considered.

After examining the issue contained in the ***Anders*** brief and after undertaking our own independent review of the record, we concur with counsel's assessment that the appeal is wholly frivolous.

Judgment of sentence affirmed. Petition to withdraw filed on December 23, 2013, is granted. Petition to withdraw filed on July 14, 2014, is dismissed as moot.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/18/2014