J-S72020-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KISKA KRONENWETTER, | : | |
| | : | |
| Appellant | : | No. 477 WDA 2014 |

Appeal from the Judgment of Sentence Entered February 26, 2014,
In the Court of Common Pleas of Jefferson County,
Criminal Division, at No. CP-33-CR-0000521-2012.

BEFORE:  BENDER, P.J.E., SHOGAN, J., and STRASSBURGER, J.*

MEMORANDUM BY SHOGAN, J.:            **FILED JANUARY 16, 2015**

Appellant, Kiska Kronenwetter, appeals from the judgment of sentence of two to five years of incarceration imposed following revocation of her probation.  Appellate counsel has filed a petition seeking to withdraw his representation and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), which govern a withdrawal from representation on direct appeal.  Upon review, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

On February 4, 2013, in the Court of Common Pleas of Jefferson County, Appellant was placed in the Accelerated Rehabilitative Disposition ("ARD") program for a period of one year on a charge of endangering the

_____
*Retired Senior Judge assigned to the Superior Court.

welfare of children, a misdemeanor of the first degree. As a result of violating terms and conditions of the program, Appellant was terminated from the ARD program by order entered May 3, 2013.

After Appellant failed to appear for arraignment, the court issued a bench warrant for her arrest. Order, 5/15/13. Appellant was arrested and later released on bail. Order, 5/20/13. After Appellant failed to appear for a subsequent hearing, Appellant's bail was revoked and another bench warrant for her arrest was issued. Order, 8/22/13. Appellant was later arrested and on October 16, 2013, Appellant entered a guilty plea to the endangering the welfare of children charge. Guilty Plea, 10/16/13. Appellant was sentenced to incarceration for ninety days to one year in the Jefferson County Jail, followed by four years of probation, in addition to payment of costs. Sentencing Order, 10/18/13. On December 18, 2013, Appellant's petition for parole was granted. Parole Order, 12/18/13.

After her release, Appellant was found to have violated conditions of her probation. Specifically, she failed to report to the probation department as instructed, she moved from her approved residence without permission, and she admitted to using marijuana. Present counsel was appointed, and appeared for a *Gagnon I* hearing.[1] Appellant waived the *Gagnon I*

---

[1] Due process requires a probationer be given a preliminary (*Gagnon I*) and a final (*Gagnon II*) hearing prior to revoking probation. *Commonwealth v. Knoble*, 42 A.3d 976, 978 n.1 (Pa. 2012) (citing *Gagnon v. Scarpelli*,

hearing, admitting to the violations and proceeded to a *Gagnon II* hearing. *Gagnon* Order, 2/27/14. Following revocation of her probation, Appellant was sentenced to serve twenty-four months to five years of incarceration in a state correctional facility, with credit for time served. *Id.*

On March 3, 2014, Appellant submitted a *pro se* letter to the trial court in which she claimed that the sentence she received was excessive. The court accepted this letter as a motion for reconsideration and denied the motion on March 4, 2014. Order, 3/4/14.

On March 19, 2014, Appellant filed a counseled notice of appeal. Appellant timely filed a Pa.R.A.P. 1925(b) statement and the trial court filed a Pa.R.A.P. 1925(a) opinion. As noted, counsel also filed a petition to withdraw from representation.

Before we address the question raised on appeal, we first must resolve appellate counsel's request to withdraw. *Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*). There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on appeal. The procedural mandates are that counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that

411 U.S. 778 (1973)). The *Gagnon* decision has become the common moniker for both parole and probation revocation proceedings. *Commonwealth v. Stafford*, 29 A.3d 800, 801 n.1 (Pa. Super. 2011).

he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Id.* at 1032 (citation omitted).

In this case, counsel has satisfied those directives. Within his petition to withdraw, counsel averred that he conducted a conscientious examination of the record, including Appellant's prior sentence orders, plea colloquy, post-sentence motions and all other documents of record. Counsel also consulted with Appellant and considered applicable legal authority. Following that review, counsel concluded that the present appeal is wholly frivolous. Counsel sent to Appellant a copy of the **Anders** brief and petition to withdraw, as well as a letter, a copy of which is attached to the brief. In the letter, counsel advised Appellant that she could represent herself or that she could retain private counsel to represent her.

We now examine whether the brief satisfies the Supreme Court's dictates in **Santiago**, which provide that:

> in the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Cartrette**, 83 A.3d at 1032 (quoting **Santiago**, 978 A.2d at 361).

-4-

Counsel's brief is compliant with **Santiago**. It sets forth the factual and procedural history of this case and outlines pertinent case authority. Counsel also raises one potential issue:

(1) Whether the trial court abused its discretion when it revoked Appellant's county-level probation and re-sentenced her to serve a sentence of incarceration in a State Correctional Institution for a minimum of twenty-four (24) months to a maximum of five (5) years with credit for time served for [A]ppellant's violation of probation.

Appellant's Brief at 3.

Appellant asserts that, given the fact that the violations were technical and her first, the sentence imposed after probation revocation was unreasonably excessive. **Anders** Brief at 7. Appellant maintains that her violations do not necessarily show that she is likely to commit new offenses and that the court's authority would be vindicated with considerably less incarceration. **Id.** Furthermore, Appellant contends the court's reasoning does not "adequately show how the sentence is necessary to vindicate the [c]ourt's authority, or how the violations show [s]he is likely to commit a new offense." **Id.**

Appellant's claim challenges the discretionary aspects of her sentence. An appellant wishing to appeal the discretionary aspects of a probation-revocation sentence has no absolute right to do so but, rather, must petition this Court for permission to do so. **Commonwealth v. Kalichak,** 943 A.2d 285, 289 (Pa. Super. 2008); 42 Pa.C.S. § 9781(b). Before this Court may

review the merits of a challenge to the discretionary aspects of a sentence, we must engage in a four-pronged analysis:

> [W]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citing *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006). *See also* Pa.R.Crim.P. 708, Cmt. (discussing proper preservation of issues challenging discretionary aspect of sentence imposed following revocation hearing).

A determination as to whether a "substantial question" exists is made on a case-by-case basis, and this Court will grant the appeal "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Sierra*, 752 A.2d 910, 912-913 (Pa. Super. 2000). This Court has found that a substantial question is presented when a sentence of total confinement, in excess of the original sentence, is imposed as a result of a technical violation of parole or probation. *Id.* at 913.

We first note that Appellant has met the four-prong test required prior to our review of the merits of a discretionary challenge to a sentence: Appellant's appeal was timely filed, Appellant preserved the issue in her post-sentence motion, Appellant included a statement pursuant to Pa.R.A.P. 2119(f) in her brief, and Appellant has raised a substantial question. ***Evans***, 901 A.2d at 533. Thus, we shall address the merits of Appellant's claim.

When we consider an appeal from a sentence imposed following the revocation of probation,[2] our standard of review is well settled:

> Our review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. 42 Pa.C.S. § 9771(b). ***See also Commonwealth v. Gheen***, 455 Pa. Super. 299, 688 A.2d 1206, 1207 (1997) (the scope of review in an appeal following a sentence imposed after probation revocation is limited to the validity of the revocation proceedings and the legality of the judgment of sentence). Also, upon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence. ***Id.***, 688 A.2d at 1207-1208. ***Accord Commonwealth v. Ware***, 737 A.2d 251, 254 (Pa. Super. 1999).

---

[2] We note that the court in the instant matter had the authority to revoke not only Appellant's parole, but also to revoke Appellant's probation. ***Commonwealth v. Ware***, 737 A.2d 251, 254 (Pa. Super. 1999) (the trial court had the authority to revoke appellant's probation, and re-sentence her, despite the fact that at the time of revocation of probation the appellant was on parole and had not yet begun to serve the probationary portion of her split sentence).

*Commonwealth v. MacGregor*, 912 A.2d 315, 317 (Pa. Super. 2006) (citing *Commonwealth v. Fish*, 752 A.2d 921, 923 (Pa. Super. 2000)). It is also well settled that the revocation of a probationary sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion. *MacGregor*, 912 A.2d at 317. "[A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." *Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa. 2007) (internal quotation marks omitted).

It is beyond dispute that technical violations of the terms of probation are sufficient to revoke probation. *Sierra*, 752 A.2d at 912. We reiterate that upon revocation of probation, the sentencing court has all of the alternatives available at the time of the initial sentencing. *See* 42 Pa.C.S. § 9771(b); *Commonwealth v. Mazzetti*, 44 A.3d 58, 61 (Pa. 2012).

Furthermore, this Court has stated the following when reviewing sentences of confinement following revocation of probation:

> The Sentencing Code reveals that the legislature has given particular consideration to the appropriateness of sentences of total confinement following revocation of probation. *See* 42 Pa.C.S.A. § 9771. On appeal from a revocation proceeding, we find a substantial question is presented when a sentence of total confinement, in excess of the original sentence, is imposed

as a result of a technical violation of parole or probation. Such a sentence must be examined in light of section 9771(c).

*Sierra*, 752 A.2d at 913. 42 Pa.C.S. § 9771(c) provides:

**(c) Limitation on sentence of total confinement.**--The court shall not impose a sentence of total confinement upon revocation [of probation] unless it finds that:

(1) the defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771(c).

It was uncontroverted that Appellant violated conditions of her probation by failure to report to the probation department as instructed, moving from her approved residence without permission and failing to refrain from the use or possession of a controlled substance. N.T. (*Gagnon* hearing), 2/26/14, at 3. Following the trial court's finding that Appellant violated probation, Appellant was sentenced to two to five years of imprisonment on the original conviction, with credit for time served. *Id.* at 14. This sentence was within the range of potential sentencing alternatives available to the court upon Appellant's original conviction. 18 Pa.C.S. § 1104(1) (providing that a person may be sentenced to imprisonment for a term which shall not exceed "[f]ive years in the case of a misdemeanor of

the first degree."). Thus, the sentencing court did not impose an illegal sentence following the probation revocation.

Furthermore, we cannot agree with Appellant's claim that the sentence was manifestly excessive or unreasonable. At the time of sentencing following revocation of Appellant's probation, the trial court provided the following basis for the sentence it imposed:

> The Court: [Appellant], there are three reasons to revoke probation in the law statutorily set up. The most serious is for new charges, the other two involve would [sic] a person be likely to comply with conditions of probation and the other is are [sic] they at risk of re-offense and finally to vindicate the authority of the Court. Now, in your case, your situation [sic] these charges involved a situation which I of course had the children through Children and Youth and they're now placed with your mother, and Mr. DeJohn, the father of your youngest child, is already off to state prison. I recall you having a warrant issued after you didn't appear for arraignment bringing you in, explaining you your rights, releasing you on bail, bringing you in on another warrant placing you on ARD, you never showed up for the ARD, bringing you in on another warrant, paroling you and then two days after you were leaving the residence. It sounds like the facts are here so I can't imagine a case more so than yours that is more clear cut that you just won't comply with any program.
>
> [Appellant]: I would love to comply with a program, Your Honor, one that supports me so I don't have to move from place to place to place.
>
> The Court: Let's go outside the criminal record just a minute and go to your Children and Youth situation. We had those kid [sic] for almost two years and you never did anything. As a matter of fact, you didn't show up for 80% of the hearings so, I mean, there was lots of programming we tried to get you in. I do think you are so likely -- I would be shocked if you complied with anything even for a month it would be completely out of your character that you have had with this court for the

-10-

last three years, so I don't think you will comply with anything we ask you to do.  I also think each time I have been a little too lackadaisical to getting you to comply with the Court.  We have a thousand people on probation all of most of which are compliant. I have let you go and let you go.  Finally, the health of your new baby.  I do think [the Probation Officer for the Commonwealth] hits on an important point even though you just found you are pregnant it is unlikely you won't use drugs from your past history, so I'm taking all those things into account and I'm going to revoke your probation and sentence you to no less than 24 months to no more than five years in [a] state correctional institution.  You will be RRRI eligible at 18 months, that will give you time to have the baby and have a recommendation for motivational boot camp which hopefully will make you more receptive to complying with life on the outside.  Your fines, costs, restitution will remain the same and you will receive credit for any time you are legally entitled.  So what I would like you to do is have a healthy baby, get into boot camp and get out of there.  That will be up to you when you get there to decide the appropriate programming.

N.T. (**Gagnon** hearing), 2/26/14, at 12-14.

The trial court provided a thorough and thoughtful recitation of its reasons for the imposition of a sentence of total incarceration.  Based on the above, the sentence of total confinement was appropriately imposed because Appellant's previous conduct indicates that it is likely she will commit another crime if she is not imprisoned, and such a sentence is essential to vindicate the authority of the court.  42 Pa.C.S. § 9771(c)(1-3); **Fish**, 752 A.2d at 923.  Moreover, Appellant has failed to establish that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.  **Mann**, 957 A.2d at 749.  Accordingly, we conclude

that the sentence imposed by the trial court was not manifestly excessive or unreasonable. As a result, Appellant's claim lacks merit.

We also have independently reviewed the record in order to determine if counsel's assessment about the frivolity of the present appeal is correct. ***Anders***; ***Santiago***; ***Cartrette***. We agree with counsel's assessment, grant him permission to withdraw, and affirm.

Petition of Mark A. Wallisch, Esquire, to withdraw as counsel, is granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/16/2015