**Commonwealth v. Dillman**

C.P. of Berks County, no. 3288-03.

*Jen Lukach, assistant district attorney,* for Commonwealth.

*Jeanne Trivellini,* for defendant.

LUDGATE, *J.,* December 22, 2004—On June 27, 2003, Jeffrey Dillman, defendant, was charged in a bill of information with: one count of criminal mischief, 18 Pa.C.S. §3304(a)(2); and three counts of disorderly conduct, 18 Pa.C.S. §§5503(a)(1), (a)(2) and (a)(4).

On July 21, 2003, the defendant was sentenced to Berks County Prison to serve not less than 81 days, not more than 12 months on Count 2, disorderly conduct with credit for 81 days time served. He was also sentenced on Count 1 to a period of five years probation to commence at the expiration of the sentence imposed on Count 2.

On July 21, 2004, a bench warrant was issued for the defendant due to numerous violations of his probation, including failure to pay fines and costs, failure to comply with treatment, failure to abstain from the use of controlled substances and failure to abstain from the consumption of alcoholic beverages.

On October 19, 2004, this court ordered that the defendant's probation be revoked, after holding a for-

mal *Gagnon II* hearing and finding that the defendant was no longer amenable to a period of probation. The court then resentenced the defendant to six months to five years to the Bureau of Corrections for confinement in a state correctional facility on Count 1, criminal mischief.

On November 18, 2004, the defendant, by his attorney, Jeanne Trivellini, Esq., filed a notice of appeal to the Superior Court of Pennsylvania from this court's October 19, 2004 order in this matter. On November 23, 2004, this court ordered the defendant to file a concise statement of matters complained of on appeal within 14 days, pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. The defendant provided such a statement on December 21, 2004.

This opinion is written pursuant to Pa.R.A.P. 1925(a), and for the following reasons, this court requests that the instant appeal be denied.

The defendant raises the following matter for review in his 1925(b) statement:

"(1) The sentencing court abused its discretion when it resentenced defendant, following a *Gagnon II* hearing, to a term of six months to five years when such sentence was clearly unreasonable and excessive given the circumstances of the case and defendant's personal experiences."

It must first be noted that a trial court is given broad discretion when fashioning an appropriate sentence following the revocation of probation. Such a sentence will not be disturbed on appeal unless the Superior Court finds that there was an abuse of discretion. *Commonwealth v.*

*Coolbaugh,* 770 A.2d 788, 792 (Pa. Super. 2001), quoting *Commonwealth v. Sierra,* 752 A.2d 910, 913 (Pa. Super. 2000). Indeed, the Superior Court's review is limited to a determination as to the validity of the proceedings and as to the authority of the sentencing court to consider the sentencing alternatives that it had at the time of the initial sentencing. *Commonwealth v. Gheen,* 455 Pa. Super. 499, 501, 688 A.2d 1206, 1207 (1997). Furthermore, when sentencing a defendant following the revocation of probation, a trial court is limited only by the statutory maximum sentence that it could have imposed originally at the time of the initial sentencing. *Commonwealth v. Ware,* 737 A.2d 251, 254 (Pa. Super. 1999).

Moreover, even if the guidelines did apply in the instant case, the defendant's claim that his sentence was excessive does not raise a substantial question. Sentencing ordinarily lies within the sole discretion of the trial court, and a sentence imposed will not be reviewed by an appellate court, unless it exceeds the statutorily prescribed limits or is so manifestly excessive as to constitute too severe a punishment. The Pennsylvania Supreme Court has held that a claim that a sentence that falls within the statutory limits is excessive can still raise a substantial question so as to justify appellate review. *Commonwealth v. Mouzon,* 571 Pa. 419, 435-36, 812 A.2d 617, 627-28 (2002). The Supreme Court went on to explain that in order to raise a substantial question, an appellant's 2119(f) statement must "sufficiently articulate[] the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." *Commonwealth v. Bromley,* 862

A.2d 598, 604 (Pa. Super. 2004), quoting *Common-wealth v. Mouzon,* 571 Pa. 419, 435, 812 A.2d 617, 627 (2002).

Here, the defendant was being resentenced after a probation violation and the court stated its reasons on the record for sentencing the defendant in the manner in which it did. At the *Gagnon II* hearing, the court heard from Steven Arms, the defendant's probation officer; Richard Forry, the assistant chief of the Adult Probation Office who conducted the *Gagnon I* hearing; Ken Parzanese, a case manager for Service Access Management which provides mental health services to inmates at Berks County Prison; Mike McGee, the executive director of Berks County TASC which is an organization that finds public funding for drug treatment; James Phalen, the program director of Bowling Green, a residential inpatient substance abuse treatment center; as well as the defendant himself. After hearing all the testimony, this court stated the following:

"*The Court:* At a resentencing hearing, for the purposes of the record and so everyone understands, the guideline ranges do not apply here. The guideline ranges, just for the purposes of education, would have been an offense gravity score of five at the time, with a prior record score of one, making the standard range one to 12, aggravated to 15 months, and mitigated down to RS. This would be for the criminal mischief that occurred at the hotel here locally, which resulted in damage which is alleged in excess, I believe, of $5,000. Now, that having been stated—I don't need this order. I dictated the order.

"Let me be clear here. I considered all that testimony and I listened carefully to all that testimony before I made that decision, and I am satisfied that the defendant is indeed in violation of the rules that I stated. Now, that having been done—and I will indicate here that I will stay the bench warrant and make him eligible upon approval of a suitable parole plan. I will not add a penalty to the warrant costs of $122.

"Let me hear what the recommendation is from the probation office and then from Mr. Lightman, and I'll hear from Mr. Dillman.

"*The probation office:* Your honor, having already revoked the probation, our recommendation is that he be sentenced to six months to five years, receive 90 days credit.

"*The Court:* You're recommending six months to five years in the state penitentiary?

"*The probation office:* Yes, I am, your honor.

"*The Court:* All right. Ms. Lukach?

"*The district attorney:* The Commonwealth is in agreement, your honor.

"*The Court:* Mr. Lightman?

"*The defense attorney:* We feel that the recommendation is very extensive. Mr. Dillman needs his treatment and not further incarceration. We ask that the court take that into consideration.

"*The Court:* Mr. Dillman, is there anything that you want to say to the court?

"*The defendant:* I just wanted to comment on the charges. Controlled substance, that never happened.

"*The Court:* So you lied to TASC and said that you were using marijuana and alcohol, and you lied about that?

"*The defendant:* No. That never happened.

"*The Court:* Okay. So let's see. Okay. You're admitting you were using alcohol. Interestingly enough, you—according to what I just heard here, you went into Horsham Clinic, didn't tell anybody in the Adult Probation Office; got released from Horsham Clinic on July 12; two days later you go to TASC, and they said you told them you were using alcohol and marijuana, so they got you into Bowling Green for some treatment. So they did that because they just wanted to? I don't understand what you're saying to me.

"*The defendant:* I checked myself into detox.

"*The Court:* I know that. But normally I can't go in and say, hey, send me to detox. I have to give a reason. Your reason was what?

"*The defendant:* That I was drinking alcohol.

"*The Court:* So you knew that was a violation of your probation?

"*The defendant:* No, I did not.

"*The Court:* I mean, as many times as you've been through the system—this is the fifth time you've been in front of me. Are you telling me you thought a probationer could drink?

"*The defendant:* I didn't know that was part of my probation. I didn't know that drinking was part of my probation.

"*The probation office:* Your honor, just as a refresher for Mr. Dillman and the court, also, when he signed rules,

that condition was checked; and in acknowledgment of that restriction, he put his signature onto that document.

"*The Court:* The court here has considered the facts that were stated that I revoked his probation, finding him no longer amenable to a period of probation. I'm aware of the guideline ranges. I'm aware—frankly, I could go higher than the guideline ranges since they're not even applicable now, at least today they're not applicable, October 19, 2004. I've considered the recommendation and I've considered the statement made by Mr. Lightman.

"I find that this defendant needs a longer tail to try to ensure that he complies with the terms and conditions that were originally imposed here when he was given a time-served sentence to 12 months followed by five years probation and didn't last very long at all before there was a violation.

"The court finds that the defendant here is ordered by this court to be committed for a period of not less than six months nor more than five years to the Bureau of Corrections for confinement in a state correctional facility, effective today, 90 days credit." (Sentence hearing, N.T. 10/19/04, pp. 46-50.)

It is this court's opinion that resentencing the defendant to a term of six months to five years imprisonment was not excessive given the extensive testimony on the record, the age of the defendant, the habitual nature of his involvement with the criminal justice system in Berks County, and the number of violations of probation that this defendant had. There is no substantial question presented here for the Superior Court to consider, as the defendant was sentenced within the statutory limits and

the court placed numerous reasons on the record to justify the resentencing.

For all the above-mentioned reasons, this court respectfully requests that the defendant's appeal be denied.