J-S01007-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| STEPHEN SUMMERS, | : | |
| | : | |
| Appellant | : | No. 97 WDA 2014 |

Appeal from the Judgment of Sentence entered on October 29, 2013
in the Court of Common Pleas of McKean County,
Criminal Division, No. CP-42-CR-0000472-2010

BEFORE: GANTMAN, P.J., JENKINS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED FEBRUARY 19, 2015**

Stephen Summers ("Summers") appeals from the judgment of sentence imposed following the revocation of his probation.[1]  We affirm.

In August 2011, Summers entered guilty pleas, in two separate cases, in the McKean County Court of Common Pleas.  At case number 472 CR 2010 (hereinafter "No. 472"), Summers pled guilty to possession with intent to deliver a controlled substance ("PWID").[2]  At case number 473 CR 2010 (hereinafter "No. 473"), Summers pled guilty to possession of a controlled substance and possession of drug paraphernalia.[3]  On September 22, 2011,

---

[1] Although Summers purports to appeal from the trial court's Order revoking his probation, the proper subject of this appeal is the judgment of sentence imposed following revocation.  We have altered the caption accordingly, and observe that Summers's appeal is timely.

[2] 35 P.S. § 780-113(a)(30).

[3] 35 P.S. § 780-113(a)(16), (32).

the trial court imposed a sentence, at No. 472, of six to twelve months in prison, followed by three years of probation. On the same date, at No. 473, the trial court imposed an aggregate sentence of seven to twenty-four months in prison, and ordered this sentence to run consecutively to the sentence at No. 472. Therefore, Summers received an aggregate sentence, to be served in a state correctional institution, of thirteen to thirty-six months, followed by three years of probation.

Summers timely filed a Motion to modify sentence concerning both No. 472 and No. 473. The trial court granted Summers's Motion, re-sentencing him as follows: at No. 472, to three years of probation; and at No. 473, to a consecutive aggregate sentence of seven to twenty-four months, to be served in the McKean County Jail. The re-sentencing Order further provided that Summers's probation and parole was to be within the province of the Pennsylvania Board of Probation and Parole ("the PBPP"). In April 2012, Summers was released on parole from his sentence of incarceration at No. 473, and placed under the supervision of the PBPP.

In its Pa.R.A.P. 1925(a) Opinion, the probation revocation court set forth the relevant history, which transpired thereafter, as follows:

> A probation officer of the PBPP attempted a home visit to [Summers's] residence [in Bradford, Pennsylvania] on December 12, 2012, and he was unable to locate [Summers] at his registered address.
>
> [The] PBPP issued a warrant for [Summers's] arrest. [Summers] was subsequently arrested[, in New York state,] on March 22, 2013, for absconding from supervision at [No.] 473 …. [Summers's] parole was revoked, and he was committed to the

- 2 -

McKean County Jail. The Commonwealth filed a [P]etition to revoke [Summers's] probation at [No.] 472 …. The [probation revocation c]ourt held a revocation hearing at which [Summers] admitted to absconding from supervision …. Upon consideration of the Commonwealth's request to revoke [Summers's] probation[,] and [Summers's] admission to absconding from supervision, the [c]ourt revoked the probation [at No. 472] and sentenced [Summers, on October 29, 2013,] to [a term of] incarceration of 1 to 2 years[,] to be served consecutive to the sentence at [No.] 473 ….[4] [Summers] filed a Motion to Modify Sentence, which the [probation revocation c]ourt denied by Order dated December 20, 2013.

Probation Revocation Court Opinion, 4/23/14, at 1-2 (footnote added).

Thereafter, Summers timely filed a Notice of Appeal, and a court-ordered

Pa.R.A.P. 1925(b) Concise Statement of Errors Complained of on Appeal.

On appeal, Summers presents the following issues for our review:

A. Whether the [probation revocation] court abused its discretion in imposing a state sentence of total confinement of not less than one [] year nor more than two [] years[,] upon revocation of [Summers's] probation for a technical probation violation of absconding from supervision, contrary to the limitation set forth in 42 Pa.C.S.[A.] § 9771(c) (re:

---

[4] Pursuant to an Order of the PBPP, at No. 473, Summers was recommitted to prison to serve the balance of his unexpired term for his technical parole violation.

> "Limitation on sentence of total confinement")?[5]
>
> B. Whether the [probation revocation] court abused its discretion in imposing a state sentence of total confinement by considering [Summers's] pre-probationary criminal history in concluding that [Summers] was likely to commit another crime, in violation of 42 Pa.C.S.[A.] § 9771(d)[?6]

Brief for Appellant at 2 (footnotes added, internal citation to record omitted).

Summers first argues that the probation revocation court abused its discretion by imposing a sentence of total confinement for his technical probation violation, contrary to section 9771(c).[7] **Id.** at 6-7.

Summers challenges the discretionary aspects of his sentence. **See Commonwealth v. Cartrette**, 83 A.3d 1030, 1041 (Pa. Super. 2013) (*en banc*) (stating that challenges under section 9771(c) implicate the

---

[5] Section 9771(c) provides as follows:

> The court shall not impose a sentence of total confinement upon revocation unless it finds that:
>
> (1) the defendant has been convicted of another crime; or
>
> (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
>
> (3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S.A. § 9771(c).

[6] Section 9771(d) provides, in relevant part, that "[t]here shall be no revocation or increase of conditions of sentence under this section except after a hearing at which the court shall consider the record of the sentencing proceeding together with evidence of the conduct of the defendant while on probation." 42 Pa.C.S.A. § 9771(d).

[7] We observe that Summers's probation revocation sentence at No. 472 was within the statutory limits for his underlying conviction of PWID.

- 4 -

discretionary aspects of sentencing).  Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010).  Prior to reaching the merits of a discretionary sentencing issue,

> [this Court conducts] a four[-]part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, [***see***] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [***see***] 42 Pa.C.S.A. § 9781(b).

***Moury***, 992 A.2d at 170 (citation omitted).

Here, Summers filed a timely Notice of Appeal.  He also has included a concise statement of the reasons relied upon for allowance of appeal in his brief, pursuant to Pa.R.A.P 2119(f).  Additionally, Summers preserved his challenge concerning section 9771(c) at sentencing.  Summers claims that he has raised a substantial question that his probation revocation sentence of total confinement is not appropriate because (1) it was imposed as a result of a mere technical violation of his probation; and (2) there was not sufficient evidence to support this sentence under either sub-sections 9771(c)(2) or (3).  ***See*** Brief for Appellant at 6-7.  Specifically, Summers argues as follows:

> In this case, there was no evidence of conduct of [Summers] that indicated it was likely that he would commit another crime if not imprisoned.  In its Rule 1925(a) [Opinion], the [probation revocation] court found that [Summers] was likely to commit another crime because of his "spotty

employment, criminal and residential histories….” [Probation Revocation Court Opinion, 4/23/14, at] 4. It is suggested that these factors are insufficient to demonstrate a likelihood to commit another crime.

Additionally, a sentence of total confinement was not essential to vindicate the authority of the [probation revocation] court, especially considering that [Summers] was serving a sentence of total confinement on his parole violation at No. 473….

Brief for Appellant at 7 (footnotes omitted).

Summers's claim presents a substantial question. *See Commonwealth v. Sierra*, 752 A.2d 910, 913 (Pa. Super. 2000) (stating that a substantial question is presented when a probation revocation sentence of total confinement, in excess of the original sentence, is imposed as a result of a technical violation of parole or probation).[8]

The imposition of sentence following the revocation of probation is vested within the sound discretion of the probation revocation court, which, absent an abuse of that discretion, will not be disturbed on appeal. *Id.* On review, we determine the validity of the probation revocation proceedings

_____

[8] We observe that technical violations, including absconding from supervision, are sufficient to trigger the revocation of probation. *See Commonwealth v. Ortega*, 995 A.2d 879, 884 (Pa. Super. 2010); *see also Commonwealth v. Infante*, 888 A.2d 783, 791 (Pa. 2005) (stating that "the reason for revocation of probation need not necessarily be the commission of or conviction for subsequent criminal conduct. Rather, … [a] probation violation is established whenever it is shown that the conduct of the probationer indicates the probation has proven to have been an ineffective vehicle to accomplish rehabilitation and not sufficient to deter against future antisocial conduct." (citation omitted)); *Commonwealth v. Carver*, 923 A.2d 495, 498 (Pa. Super. 2007) (acknowledging that technical violations, where flagrant and indicative of an inability to reform, can support revocation and imprisonment).

and the authority of the probation revocation court to consider the same sentencing alternatives that it had at the time of the initial sentencing. *See* 42 Pa.C.S.A. § 9771(b); *Commonwealth v. Gheen*, 688 A.2d 1206, 1207-08 (Pa. Super. 1997). Following revocation of probation, a probation revocation court need not undertake a lengthy discourse for its reasons for imposing a sentence of total confinement, but the record as a whole must reflect the probation revocation court's consideration of the facts of the crime and character of the offender. *Commonwealth v. Crump*, 995 A.2d 1280, 1283 (Pa. Super. 2010).

Here, the probation revocation court addressed Summers's sentencing challenge concerning section 9771(c) in its Rule 1925(a) Opinion as follows:

> At the sentencing hearing on the revocation of [Summers's] probation, the [probation revocation c]ourt stated the reasons for imposition of a sentence of total confinement. [T]he sentence of total confinement was [imposed] pursuant to subsections (2) and (3) [of section 9771(c)]. The [c]ourt stated as follows [prior to imposing sentence]:
>
> > [T]he [c]ourt has of course reviewed the record here, the Petition to Revoke Probation[,] and it[] [has] also looked back to the first sentencing. We have the transcript and[,] at th[e] time [of Summers's first sentencing,] I noted out of the PSI, [Summers's] criminal history indicates there is a prior criminal record of unauthorized use and disorderly conduct both in New York State and Pennsylvania.
> >
> > The [c]ourt looked at the fact that … there's no good history of employment. For the past three years, [Summers] has just lived at various different addresses in Bradford and he doesn't even have an established life for himself at his age. He has children but I don't think he probably is supporting them if he doesn't have a job….

- 7 -

… And it was a total state sentence at the time. Then [Summers's counsel] came back and had a Motion to Reconsider[,] and at that time the [c]ourt considered the fact that [Summers] had a child and he must have given me the whole story the way he's giving it to me now. And even though I've been around long enough that I usually don't buy it; I bought it with you.

I relented and changed your sentence. I amended the sentence to make it a sentence … to be served [in the county jail]. And what do you do? I find that you r[a]n off for four months [and] absconded. You haven't lived up to what I said. You haven't been working in … a job to try and make money to take care of this family you say you're taking care of.

The whole past record that I have is still the same. Obviously[,] you were in prison so you couldn't make some changes at the beginning or in jail[. Y]ou luckily had convinced me not to send you to [a] state [correctional institution]. But [] I see on the drug and alcohol report that you're making gradual change. Well, that means that you haven't gotten to a point yet where you should be out on probation because you still need treatment. And so with that attitude that you've shown, disregard for the [c]ourt having given you a break that you … pull the stunt like this, I think that you do need incarceration because there is likelihood that with no job and with a criminal history …, [] you'll commit another crime….

… A[]lso, the sentence is essential to vindicate the authority of the [c]ourt that you were able to snow one time and you're not going to snow this [c]ourt again.

([N.T., 10/29/13, at] Page 9, Line 6 to Page 11, Line 2.)

The [probation revocation c]ourt found that [Summers's] conduct indicated that there was the likelihood that he will commit another crime if not incarcerated. The [c]ourt also explained that the sentence of total incarceration was necessary to vindicate the [c]ourt in having previously sentenced [Summers], on the underlying charges, to a lenient term upon reconsideration from a state sentence because of [Summers's] plea to the [c]ourt to make him available to his family. The

[c]ourt then found that his plea was a sham.   The [c]ourt's authority in sentencing had been manipulated by deceitful representations of [Summers].  The authority of the [c]ourt was vindicated by its returning to a state sentence.

…   The [c]ourt articulated the reasons in support of a sentence of total confinement upon revocation of [Summers's] probation.  Moreover, the reasons giving rise to the sentence are pursuant to the exceptions that are expressly carved out of the general limitation against a sentence of total confinement in Section 9771.  Because the [c]ourt found that [Summers], with spotty employment, criminal, and residential histories, was likely to commit another crime if not incarcerated, and because [Summers] flaunted the [c]ourt's discretion in resentencing him on the underlying charge, the current re-sentence of total confinement was not an abuse of discretion.

Probation Revocation Court Opinion, 4/23/14, at 2-4.

For the purpose of the instant appeal, we will focus upon the probation revocation court's finding that there were sufficient grounds under section 9771(c)(3) to warrant imposing a sentence of total confinement because same was essential to vindicate the authority of the court.  After review, we discern no abuse of discretion in the court's finding in this regard, particularly in light of the facts that Summers (1) absconded from supervision and fled to another state for several months; and (2) flaunted the sentencing court's previous leniency in granting Summers's Motion for reconsideration of sentence, and re-sentencing him at No. 472 to merely a probationary term.   **See Ortega**, 995 A.2d at 884 (holding that "the [probation revocation] court could have reasonably determined that revocation and a sentence of imprisonment for a defendant who absconded at the very outset of his probationary term and remained delinquent for

three years was essential to vindicate the authority of the court."). Moreover, we are unpersuaded by Summers's claim that the probation revocation court abused its discretion by determining that the sentence imposed was essential to vindicate the authority of the court, purely because, as Summers points out, "[he] was serving a sentence of total confinement on his parole violation at No. 473 []."  Brief for Appellant at 7. The instant case and No. 473 were separate cases, and the probation revocation court had the authority to impose a sentence of incarceration in the instant case, in addition to the parole violation recommitment that Summers was then serving at No. 473.  Accordingly, Summers's first issue does not entitle him to relief.

Next, Summers contends that the probation revocation court abused its discretion, and violated section 9771(d), "in imposing a state sentence of total confinement by considering [Summers's] pre-probationary criminal history in concluding that [Summers] was likely to commit another crime," *i.e.*, under section 9771(c)(2).  Brief for Appellant at 7 (capitalization omitted).

Summers did not raise this claim in his court-ordered Pa.R.A.P. 1925(b) Concise Statement.  Accordingly, it is waived.  **See Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998) (holding that "[a]ny issues not raised in a 1925(b) statement will be deemed waived."); **see also** Pa.R.A.P. 1925(b)(4)(vii) (providing that "[i]ssues not included in the Statement … are waived.").  Additionally, Summers waived this claim by

- 10 -

failing to preserve it either at sentencing or in his *pro se* post-sentence Motion. ***See Commonwealth v. Gibbs***, 981 A.2d 274, 282-83 (Pa. Super. 2009) (stating that "[i]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived.").[9]

In light of the foregoing, and based upon our review of the record, we conclude the probation revocation court did not commit an error of law or abuse its discretion in imposing Summers's sentence following the revocation of his probation.

Judgment of sentence affirmed.

_____

[9] Nevertheless, even if this claim was not waived, we would determine that it does not entitle Summers to relief. Summers points out that this Court has held that "[section 9771](d) states unequivocally that there can be neither a 'revocation' nor an 'increase of conditions of sentence' until a hearing occurs wherein the court 'shall consider the record of the sentencing proceeding together with evidence **of the conduct of the defendant while on probation**.' 42 Pa.C.S.[A.] § 9771(d) (emphasis added). This section clearly restrains the court from considering facts occurring prior to the imposition of probation when revoking probation." ***Carver***, 923 A.2d at 497; ***see also*** Brief for Appellant at 8; ***but see Sierra***, 752 A.2d at 913-14 (where the appellant challenged the probation revocation court's imposition of a sentence of total confinement upon resentencing under section 9771(c)(2), holding that the probation revocation court properly considered, *inter alia*, the appellant's "significant criminal record as a juvenile and as an adult[.]"). Even assuming, *arguendo*, that the probation revocation court in the instant case erred by considering Summers's pre-probationary criminal conduct in imposing sentence, such error did not result in any prejudice to Summers because, as discussed above, the probation revocation court articulated sufficient and compelling reasons, besides Summers's criminal history, as to why a sentence of total confinement was necessary under section 9711(c)(3) to vindicate the authority of the court.

J-S01007-15

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/19/2015