J-S32001-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GLENN CHRISTOPHER VENNERO, | |
| Appellant | No. 1446 WDA 2013 |

Appeal from the Judgment of Sentence August 5, 2013
In the Court of Common Pleas of Allegheny  County
Criminal Division at No(s): CP-02-CR-0005761-2011,
CP-02-CR-0012866-2009

BEFORE:  SHOGAN, OLSON, and MUSMANNO, JJ.

MEMORANDUM BY SHOGAN, J.:                          **FILED JULY 13, 2015**

Appellant, Glenn Christopher Vennero, appeals from the judgment of sentence entered August 5, 2013, following the revocation of his probation. After careful review, we vacate the judgment of sentence and remand for further proceedings.

On April 14, 2010, at trial court docket number CP-02-CR-0012866-2009, Appellant entered a guilty plea to one count each of burglary, criminal trespass, and theft by unlawful taking.  The trial court sentenced Appellant to three years of probation on the burglary charge and no further penalty on the other counts.  N.T., 4/14/10, at 7.  On May 21, 2012, at trial court docket number CP-02-CR-0005761-2011, Appellant pled guilty to one count each of burglary, criminal trespass, theft by unlawful taking, possessing an

instrument of crime, and possession of drug paraphernalia. The trial court sentenced Appellant to a term of eleven and one-half to twenty-three months of incarceration followed by three years of probation on the burglary charge and no further penalty on the other counts. N.T., 5/21/12, at 13. As part of his probation at both CP-02-CR-0012866-2009 and CP-02-CR-0005761-2011, Appellant was required to continue with his drug, alcohol, and mental health treatment, and abstain from using drugs and alcohol. *Id*. at 13-16.

While Appellant was serving his terms of probation, the trial court held regular review hearings. During a review hearing on January 14, 2013, the trial court informed Appellant that if he failed to comply with the conditions of probation at both CP-02-CR-0012866-2009 and CP-02-CR-0005761-2011, he may face incarceration in a state correctional institution. N.T., 1/14/13, at 3. Appellant subsequently failed to comply with the terms of his probation, and following a hearing on April 15, 2013, Appellant's probation at CP-02-CR-0012866-2009 was revoked, and he was resentenced to a new term of three years of probation. N.T., 4/15/13, at 11. Thereafter, Appellant started serving his new term of probation at CP-02-CR-0012866-2009, continued his probation at CP-02-CR-0005761-2011, and started a mental health and substance abuse treatment program at Alpha House. *Id*. at 6-11.

On August 5, 2013, the trial court held a hearing regarding allegations that Appellant had violated his probation at both CP-02-CR-0012866-2009 and CP-02-CR-0005761-2011 based upon his behavior at Alpha House. At the conclusion of the hearing, the trial court revoked Appellant's probation at CP-02-CR-0012866-2009 and sentenced him to a term of one to two years of incarceration followed by five years of probation. N.T., 8/5/13, at 29. The trial court also revoked Appellant's probation at CP-02-CR-0005761-2011 and sentenced Appellant to a term of three and one-half to seven years of incarceration followed by five years of probation. *Id*. at 30. Post-sentence motions were filed and denied, and Appellant filed a timely appeal.

On appeal, Appellant raises the following issues for this Court's consideration:

> 1. Did the Probation Court act improperly, and violate Appellant's state and federal due process rights, when it held that Appellant had violated the conditions of his probationary sentences imposed on Allegheny County Criminal Complaint (CC) Nos. 2009-12866 and 2011-05761 without either (A) holding a *Gagnon II* evidentiary hearing into the allegations that he had violated one or more of those conditions, or, alternatively, (B) requiring the Commonwealth to bear the burden of proving, at the *Gagnon II* hearing, that Appellant had violated the conditions of those probationary sentences, and instead put the burden upon Appellant to prove that he had complied with those conditions?
>
> 2. Did the Probation Court act improperly, and violate Appellant's state and federal due process rights, when it held that Appellant had violated the conditions of his probationary sentences imposed on CC Nos. 2009-12866 and 2011-05761 based upon unsubstantiated averments made by an Allegheny County Probation Department Agent at the *Gagnon II* hearing (thereby foregoing Appellant's due process-based confrontation

and cross-examination rights) without either (A) an express finding that "good cause" existed to do so, or, alternatively, (B) without the actual existence of the requisite "good cause" for doing so?

Appellant's Brief at 4.

When we consider an appeal from a sentence imposed following the revocation of probation, our standard of review is well settled:

> Our review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. 42 Pa.C.S. § 9771(b). **See also Commonwealth v. Gheen**, 455 Pa. Super. 299, 688 A.2d 1206, 1207 (1997) (the scope of review in an appeal following a sentence imposed after probation revocation is limited to the validity of the revocation proceedings and the legality of the judgment of sentence). Also, upon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence. **Id.**, 688 A.2d at 1207-1208. **Accord Commonwealth v. Ware**, 737 A.2d 251, 254 (Pa. Super. 1999).

**Commonwealth v. MacGregor**, 912 A.2d 315, 317 (Pa. Super. 2006) (citing **Commonwealth v. Fish**, 752 A.2d 921, 923 (Pa. Super. 2000)). It is also well settled that the revocation of a probationary sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion. **MacGregor**, 912 A.2d at 317. "[A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-

will." ***Commonwealth v. Walls***, 926 A.2d 957, 961 (Pa. 2007) (internal quotation marks omitted).

In his first issue on appeal, Appellant asserts that the trial court erred when it failed to hold a proper ***Gagnon II*** hearing concerning allegations that he violated his probation and that the trial court erred by shifting the burden of proof to Appellant. Appellant's Brief at 4.

Initially, we note that the United States Supreme Court has held that due process requires probationers be given two separate hearings prior to revoking probation. ***Gagnon v. Scarpelli***, 411 U.S. 778, 782 (1973).

> The purpose of having two hearings, a ***Gagnon I*** and a ***Gagnon II***, is to allow for a factual determination of whether a violation occurred and to give each side the opportunity to present evidence in support of its case. ***Morrissey*** [***v. Brewer***, 408 U.S. 471, 484 (1972)]. Notably, the purpose of having a ***Gagnon II*** hearing is to provide appellant additional due process safeguards. ***Gagnon, supra***. Accordingly, the Commonwealth is required to meet a higher standard of proof at the ***Gagnon II*** hearing. Those additional due process safeguards, particularly with regard to the higher standard of proof required in establishing a violation, would be rendered meaningless if we found that by waiving the ***Gagnon I*** hearing, that appellant conceded his guilt with regard to having committed a probation violation. Similarly, a defendant who waives his preliminary hearing does not concede that he is guilty of the charges against him. Rather, he agrees to be bound over for trial where evidence is presented before a finding of guilt is rendered. We do not allow for the defendant to be found guilty by waiver of his preliminary hearing. Likewise, in this case, we cannot allow appellant's probation to be permanently revoked simply because he waived his ***Gagnon I*** hearing.

***Commonwealth v. Sims,*** 770 A.2d 346, 352 (Pa. Super. 2001).

The **Sims** Court explained that "[w]hen a parolee or probationer is detained pending a revocation hearing, due process requires a determination at a pre-revocation hearing, a **Gagnon I** hearing, that probable cause exists to believe that a violation has been committed." **Sims,** 770 A.2d at 349 (citations omitted). "Where a finding of probable cause is made, a second, more comprehensive hearing, a **Gagnon II** hearing, is required before a final revocation decision can be made. **Id**. (citation omitted). At a **Gagnon II** hearing, the trial court must first determine whether the facts warrant revocation. **Id**. (citation omitted). "The first step in a **Gagnon II** revocation decision . . . involves a wholly retrospective factual question: whether the parolee or probationer has in fact acted in violation of one or more conditions of his parole or probation." **Id**. (citations omitted). If the trial court determines that the parolee or probationer violated the conditions of his parole or probation, then the trial court must decide whether the parolee or probationer should be recommitted to prison or whether other steps should be taken to protect society and improve chances of rehabilitation. **Id**.

> Thus, the **Gagnon II** hearing is more complete than the **Gagnon I** hearing in affording the probationer additional due process safeguards, specifically: (a) written notice of the claimed violations of probation or parole; (b) disclosure to the [probationer or] parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a neutral and detached hearing body such as a traditional parole board, members of

which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking probation or parole.

*Sims,* 770 A.2d at 349-350 (internal quotation marks omitted).

Here, the record reflects that the trial court dutifully held review hearings concerning Appellant's progress, or lack thereof, while on probation. However, we are constrained to agree with Appellant that in this instance, there was not a proper *Gagnon II* hearing. As noted above, at the April 15, 2013 hearing, Appellant's probation was revoked and he was resentenced. N.T., 4/15/13, at 11. Then, on August 5, 2013, Appellant was informed of the allegations against him concerning technical violations of his probation, his probation was revoked, and he was re-sentenced all at one hearing. N.T., 8/5/13, at 29-30. This combining of *Gagnon I* and *Gagnon II* hearings is not permitted. *See Commonwealth v. Homoki*, 605 A.2d 829, 831 (Pa. Super. 1992) (stating that case law "clearly requires two independent hearings. Running them together or holding them on the same day does not meet the constitutional due process requirements set forth in *Gagnon*. … We cannot accept that "two parts" to "one hearing" constitute two separate hearings."). For this reason, we vacate Appellant's judgment of sentence and remand for a proper *Gagnon II* hearing.[1]

_____

[1] In light of our disposition, we need not reach Appellant's remaining claims of error. However, we note with concern Appellant's challenges to the admission of hearsay and allegation of burden shifting that occurred at the

*(Footnote Continued Next Page)*

Judgment of sentence vacated. Case remanded for a *Gagnon II* hearing. Jurisdiction relinquished.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/13/2015

---

*(Footnote Continued)* ————————————

August 5, 2013 hearing. Appellant's Brief at 34; N.T., 8/5/13, at 18; Trial Court Opinion, 12/2/14, at 6. It is not the responsibility of the probationer to prove that he did not violate probation; rather, the Commonwealth bears the burden of proving the probationer violated his probation. *See Commonwealth v. Allshouse*, 969 A.2d 1236, 1241 (Pa. Super. 2009) (stating that the Commonwealth bears the burden of proving a violation of probation by a preponderance of the evidence and that hearsay is not admissible at a *Gagnon II* hearing absent a finding of good cause for not allowing confrontation).