**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RALPH MORGAN | : | |
| | : | |
| Appellant | : | No. 1894 EDA 2018 |

Appeal from the Judgment of Sentence Entered May 18, 2015
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0009537-2009

BEFORE:  STABILE, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MURRAY, J.:                    **FILED MAY 06, 2019**

Ralph Morgan (Appellant) appeals *nunc pro tunc* from the judgment of sentence imposed following revocation of his probation,[1] and raises a single claim assailing the discretionary aspects of his sentence.  Upon review, we affirm.

The trial court summarized the procedural background preceding this appeal as follows:

> [Appellant] filed a *pro se* petition for relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. § 9541 *et seq.* (eff. Jan. 16, 1996), claiming ineffective assistance of counsel for failure to file a notice of appeal after his violation of probation hearing.  The Commonwealth agreed to reinstate [Appellant's] appellate rights *nunc pro tunc*.  This appeal followed.  This [c]ourt ordered [Appellant] to file a Concise Statement of Errors

---

[1] Appellant's underlying convictions of receiving stolen property and criminal conspiracy resulted from Appellant's illegal writing of more than $95,000 in checks from a deceased person's bank account.

[p]ursuant to Pa.R.A.P. 1925(b) no later than September 27, 2018 and defense counsel failed to do so. Therefore, this Opinion will be written pursuant to Pa.R.A.P. 1925(a) and will address the following issue: whether this [c]ourt properly sentenced [Appellant] to 2 to 4 years plus 4 years reporting probation after finding [Appellant] in technical violation.

Trial Court Opinion, 10/19/18, at 1.

In advocating for waiver, the Commonwealth argues, *inter alia*, that Appellant failed to preserve his sentencing argument by "not filing a timely 1925(b) statement." Commonwealth Brief at 1.

The record reveals that on September 6, 2018, the trial court ordered Appellant to comply with Pennsylvania Rule of Appellate Procedure 1925(b) no later than September 27, 2018. However, Appellant did not file a concise statement of errors until October 22, 2018. Failure to file a timely concise statement is *per se* ineffectiveness of counsel. **Commonwealth v. Burton**, 973 A.2d 428 (Pa. Super. 2009) (the untimely filing of a 1925 concise statement is *per se* ineffectiveness because it is without reasonable basis designed to effectuate the client's interest and waives all issues on appeal; untimely filing of the 1925 concise statement is the equivalent of a complete failure to file.). However, because the trial court in this case addressed Appellant's sentencing issue, we proceed to review the merits of the appeal. **See id.** at 433 (remand is not necessary where the trial court filed an opinion addressing the issue presented in the 1925(b) concise statement).

Appellant states his issue as follows:

1. Did not the sentencing court err as a matter of law, abuse its discretion and violate general sentencing principles when,

following a revocation of probation, the court imposed a sentence of 2 to 4 years of incarceration, where: this sentence was manifestly excessive and unreasonable, far surpassed what was required to protect the public and the community, went well beyond what was required to foster [A]ppellant's rehabilitation and was grossly disproportionate to the crimes.

Appellant's Brief at 7.

Upon review of Appellant's claim, the certified record, and prevailing legal authority, we conclude that the Honorable Genece E. Brinkley, sitting as the trial court, has authored an opinion which suitably addresses Appellant's discretionary sentencing claim. **See** Trial Court Opinion, 10/19/18, at 1-9 (reciting factual and procedural history and explaining that the court imposed a reduced sentence within the statutory limits because it was necessary "to vindicate the authority of the court" where "instead of using the many opportunities this [c]ourt gave [Appellant] to turn his life around, [Appellant] simply continued doing what he wanted to do, namely use drugs and avoid repaying his restitution."). Accordingly, we adopt the trial court's opinion as our own in disposing of this appeal. The parties shall attach a copy of the October 19, 2018 opinion in the event of further proceedings relevant to this matter.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/6/19

### IN THE COURT OF COMMON PLEAS
### FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
### CRIMINAL TRIAL DIVISION

COMMONWEALTH                    :                    CP-51-CR-0009537-2009

**FILED**

**OCT 19 2018**

PCRA Unit
CP Criminal Listings

vs.



CP-51-CR-0009537-2009 Comm. v. Morgan, Ralph
Opinion

8179160251

RALPH MORGAN                    :

**SUPERIOR COURT**
**1894 EDA 2018**

## OPINION PURSUANT TO PA.RAP. 1925(a)

**BRINKLEY, J.**                                        **OCTOBER 19, 2018**



Defendant Ralph Morgan filed a *pro se* petition for relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. § 9541 *et seq.* (eff. Jan. 16, 1996), claiming ineffective assistance of counsel for failure to file a notice of appeal after his violation of probation hearing. The Commonwealth agreed to reinstate Defendant's appellate rights *nunc pro tunc*. This appeal followed. This Court ordered Defendant to file a Concise Statement of Errors Pursuant to Pa.R.A.P. 1925(b) no later than September 27, 2018 and defense counsel failed to do so. Therefore, this Opinion will be written pursuant to Pa.R.A.P. 1925(a) and will address the following issue: whether this Court properly sentenced Defendant to 2 to 4 years plus 4 years reporting probation after finding Defendant in technical violation. This Court's judgment of sentence should be affirmed.

## FACTS AND PROCEDURAL HISTORY

Defendant and his co-conspirators were arrested after they stole over $95,000 by writing themselves checks from a deceased person's bank account. On February 22, 2010, Defendant entered into an open guilty plea agreement with respect to the following charges: Receiving Stolen Property (RSP), graded as a felony of the third degree; and Criminal Conspiracy, graded as a felony of the third degree. He was sentenced to 11 ½ to 23 months county incarceration plus 5 years reporting probation on each charge, to run concurrently with one another, with immediate parole to house arrest. Defendant was ordered to seek and maintain employment, stay out of trouble with the law, pay mandatory court costs, and pay $20,000 in restitution. Defendant was given time to have house arrest set up from the street as he was not in custody.

On April 16, 2010, Defendant appeared before this Court and explained that he was having trouble setting up house arrest at the address where he intended to reside. On May 28, 2010, Defendant appeared in court but was taken into custody before the hearing commenced due to inappropriate behavior in the courtroom. This Court vacated the house arrest order because Defendant still did not get his house arrest set up between February 22 and May 28, 2010, a period of three (3) months. On June 4, 2010, Defendant filed an untimely motion to reconsider sentence. On April 7, 2011, Defendant was granted early parole, effective May 13, 2011.

On February 23, 2013, Defendant was arrested and charged with knowing and intentional possession of a controlled substance, for which he was subsequently found guilty. On May 9, 2013, Defendant appeared before this Court and was found in direct violation of his probation. This Court sentenced him to 11 ½ to 23 months county incarceration plus 3 years reporting

2

probation, with a stipulation that he should serve his time at Hoffman Hall. Defendant was warned that he could receive a state sentence next time.

On May 31, 2014, Defendant was released on county parole and told to appear before this Court for a status hearing on September 3, 2014. Defendant failed to appear on that date and a bench warrant and wanted cards were issued. On October 16, 2014, after being picked up on a warrant, Defendant appeared before this Court for his second violation of probation hearing. This Court found him in technical violation for absconding from supervision, failing to provide any verification of attending parenting classes or enrolling in drug treatment, failing to report as directed to his probation officer, and telling his probation officer that, "Judge Brinkley knows I smoke marijuana." Defendant was sentenced to 2 to 4 years state incarceration on each charge, to run consecutively with one another, for an aggregate term of 4 to 8 years state incarceration. On October 31, 2014, Defendant filed an Amended Petition to Vacate and Reconsider sentence. On November 17, 2014, this Court vacated the sentence and scheduled a reconsideration hearing.

On May 18, 2015, Defendant appeared before this Court for a hearing on his petition to vacate and reconsider sentence. First, this Court reviewed Defendant's history since his original open guilty plea in 2010, where Defendant pleaded guilty to receiving stolen property and criminal conspiracy after he was arrested for stealing over $95,000 from a deceased man's bank account. (N.T. 5/18/15, 3-9).

Next, Gloria Coles ["Coles"], Defendant's fiancé, testified that she needed Defendant home with her because he helped her manage her numerous health issues. She asked this Court to give Defendant another chance, acknowledging that he had "done dumb things, but for the most part, he's not a bad person." Id. at 9-13.

3

Defense counsel provided letters of support from Defendant's church and his employer. Next, she asked this Court to consider Coles' testimony, as well as the fact that Defendant did not have a violent history and needed help with his substance abuse problem. Defense counsel recommended a sentence of "time-served," or in the alternative, a concurrent state sentence. Id. at 13-15.

The Commonwealth argued that Defendant had stolen a large sum of money and never paid any restitution, nor did he make any effort to work on his rehabilitation through drug treatment. The Commonwealth requested that this Court deny the petition to reconsider, or, in the alternative, impose a state sentence. Id. at 15-16.

Next, Defendant spoke on his own behalf. He apologized for his past mistakes and stated that he was trying to become a better person. He stated that he had "no problem" paying restitution and that he would do so if allowed to remain with his family. He stated that he "found God" while in county jail and asked this Court to forgive him and give him another chance. Id. at 16-25.

This Court sentenced Defendant to 2 to 4 years state incarceration on the receiving stolen property charge plus 4 years reporting probation on the criminal conspiracy charge to run consecutive to parole, with credit for time served from October 16, 2014. Defendant was ordered to pay $50/month restitution upon release. Id. at 27. No post sentence motions or direct appeal were filed.

On April 4, 2016, Defendant filed a timely *pro se* PCRA petition, asserting ineffective assistance of counsel for failure to file post sentence motions and failure to file a notice of appeal. On November 12, 2017, PCRA counsel filed an Amended Petition, claiming ineffective assistance of VOP counsel for failure to file a direct appeal. On June 15, 2018, the

4

Commonwealth agreed to reinstate Defendant's appellate rights *nunc pro tunc*. PCRA counsel

was ordered to remain on appeal. On June 27, 2018, Defendant filed a Notice of Appeal to

Superior Court. On September 6, 2018, this Court ordered that Defendant file a Concise

Statement of Errors Pursuant to Pa.R.A.P. 1925(b) no later than September 27, 2018. No 1925(b)

Statement was ever filed, as of October 18, 2018.

## ISSUE

I. **WHETHER THIS COURT PROPERLY SENTENCED DEFENDANT TO 2 TO 4 YEARS STATE INCARCERATION PLUS 4 YEARS REPORTING PROBATION AFTER FINDING HIM IN TECHNICAL VIOLATION OF HIS PROBATION.**

## DISCUSSION

I. **THIS COURT PROPERLY SENTENCED DEFENDANT TO 2 TO 4 YEARS STATE INCARCERATION PLUS 4 YEARS REPORTING PROBATION AFTER FINDING HIM IN TECHNICAL VIOLATION OF HIS PROBATION.**

This Court properly sentenced Defendant to 2 to 4 years state incarceration plus 4 years

reporting probation after finding him in technical violation of his probation. The standard of

review for sentences imposed following a revocation of probation is well-settled:

> The imposition of sentence following the revocation of probation
> is vested within the sound discretion of the trial court, which,
> absent an abuse of that discretion, will not be disturbed on appeal.
> An abuse of discretion is more than an error in judgment—a
> sentencing court has not abused its discretion unless the record
> discloses that the judgment exercised was manifestly unreasonable,
> or the result of partiality, prejudice, bias or ill-will.

Commonwealth v. Swope, 123 A.3d 333 (Pa.Super.2015) (quoting Commonwealth v. Colon,

102 A.3d 1033, 1043 (Pa.Super.2014)).

When considering an appeal from a sentence imposed after the revocation of probation or

parole, appellate review is limited to the determination of "the validity of the probation

5

revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives it had at the time of the initial sentencing." Commonwealth v. MacGregor, 2006 PA Super. 336, 2006 Pa. Super. LEXIS 4088, 3 (2006) (citing 42 Pa.C.S. § 9771(c)); Commonwealth v. Gheen, 455 Pa. Super. 499, 688 A.2d 1206, 1207 (1997)). The sentencing court is limited only by the maximum sentence it could have imposed at the time of the original sentencing. Id. Pursuant to 204 Pa. Code 303.1(b), sentencing guidelines do not apply to sentences imposed as a result of revocation of probation, intermediate punishment or parole. Once probation or parole has been revoked, a sentence of total confinement may be imposed if any of the following conditions exist: the defendant has been convicted of another crime; the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or, such a sentence is essential to vindicate the authority of court. 42 Pa.C.S.A. § 9771(c); Commonwealth v. Coolbaugh, 2001 PA Super. 77, 770 A.2d 788, 792 (2001). There is no requirement that a sentencing court's imposition of sentence be the "minimum possible confinement." Walls, 592 Pa. at 571, 926 A.2d at 965.

In the case at bar, this Court originally imposed an aggregate sentence of 4 to 8 years state incarceration after finding Defendant in technical violation of his probation but vacated that sentence and held a hearing on Defendant's motion to reconsider sentence. After listening to argument from counsel as well as Defendant's allocution, this Court reconsidered the original sentence and instead imposed a greatly reduced sentence of 2 to 4 years state incarceration plus 4 years reporting probation. This sentence was within the statutory limits and was reasonable after considering all relevant factors. As stated above, the length of incarceration was solely within this Court's discretion and was limited only by the maximum sentence that could have been imposed at the original sentencing. Under Pennsylvania law, the maximum sentences for

receiving stolen property and criminal conspiracy, each graded as a felony of the third degree, is 7 years, $15,000 fine, or both. Thus, this Court could have sentenced Defendant up to a maximum aggregate sentence of 14 years, minus credit for time Defendant already served on this case in prison. However, this Court only sentenced Defendant to 2 to 4 years state incarceration plus 4 years reporting probation. This sentence was well within the statutory limits and was a reasonable exercise of this Court's discretion in light of Defendant's ongoing substance abuse problem, failure to make payments towards restitution, and absconding from supervision.

This Court properly sentenced Defendant to a term of total confinement because it was necessary to vindicate the authority of the court. Furthermore, this Court properly considered the factors set forth in 42 Pa.C.S.A. § 9721: the protection of the public, the gravity of Defendant's offense in relation to the impact on the victim and the community, and his rehabilitative needs. The record shows that Defendant stole nearly $100,000 from the deceased victim by writing forged checks to himself. This Court ordered Defendant to repay the decedent's estate only $20,000 of the sum stolen and gave him numerous chances to avoid incarceration so that he could get a job and begin paying back this sum. However, Defendant's conduct since his guilty plea demonstrated that he had no intention of paying any of this money back. He failed to find employment, failed to enroll in drug treatment, and continued to use drugs. In fact, he was convicted of knowing and intentional possession of a controlled substance while serving probation. As this Court stated at the hearing:

> [T]his is absolutely necessary to vindicate the authority of the court. The defendant basically thumbed his nose at the court from the very beginning and indicated he has no intention of paying this $20,000 back. The defendant will be paying the $20,000 back as a condition of his sentence. So, sir, if you think for one moment that you are going to get out of paying this back, you are mistaken. You are going to pay that money back. [...]

7

(N.T. 5/18/15, p. 27-28). The Court continued:

> Sir, I took into consideration your age and your situation at the beginning with the house arrest. When you showed you had no sense of complying, the new drug case, not paying anything to fines and costs, not doing anything, then I gave you County. You come out, still don't do what you are supposed to do. That's what the summary says. They say you didn't do anything.

Id. at 31. Indeed, instead of using the many opportunities this Court gave him to turn his life around, Defendant simply continued doing what he wanted to do, namely use drugs and avoid repaying his restitution. After taking all of this into consideration, this Court found it appropriate to impose a 2 to 4 year state sentence. As stated above, there is no requirement that this Court impose the "minimum possible sentence." Rather, based upon Defendant's ongoing failure to take the necessary steps to comply with the terms and conditions of probation, this Court found it appropriate to sentence Defendant to a term of 2 to 4 years state incarceration plus 4 years reporting probation. Accordingly, this Court's judgment of sentence should be affirmed.

8

## CONCLUSION

After reviewing the applicable case law, statutes, and testimony, this Court committed no error. This Court properly sentenced Defendant to 2 to 4 years state incarceration after finding him in technical violation for failing to comply with any of the terms and conditions of his probation, including the condition that he pay restitution to the victim. Accordingly, this Court's judgment of sentence should be affirmed.

BY THE COURT:

_____ J.

9