J-A24019-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DEONTA MANNING-RUFFIN | |
| Appellant | No. 2835 EDA 2014 |

Appeal from the Judgment of Sentence of September 4, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0012734-2013

BEFORE:  PANELLA, J., WECHT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY WECHT, J.:                    **FILED DECEMBER 02, 2015**

On September 4, 2014, the trial court in this case sentenced Deonta Manning-Ruffin to one and one-half to three years of total confinement after the court determined that he had violated the terms and conditions of his house arrest and probation.  Manning-Ruffin appeals that judgment of sentence.  We hold that the trial court considered an impermissible factor in imposing Manning-Ruffin's sentence.  We vacate the judgment of sentence, and we remand this case for resentencing.

On March 27, 2014, following a bench trial, Manning-Ruffin was convicted of burglary, criminal trespass, and criminal mischief.[1]  The trial

_____

[*]     Retired Senior Judge assigned to the Superior Court.

[1]     18 Pa.C.S. §§ 3502, 3503, and 3304, respectively.

court briefly summarized the facts underlying Manning-Ruffin's convictions as follows:

> The evidence adduced at trial proved that [Manning-Ruffin] pried open the outer door of a CVS and was in an inner vestibule, preparing to break the second barrier to enter the store. The outer set of doors had been pried open. He told the first officer on the scene that he was breaking into the store to destroy things inside because [] he was angry at being "disrespected" there earlier.

Trial Court Opinion ("T.C.O."), 2/4/2015, at 2 (references to notes of testimony omitted).

On May 30, 2014, Manning-Ruffin appeared before the trial court for sentencing. During the sentencing hearing, the trial court learned that, between the conviction and sentencing, Manning-Ruffin had been convicted of an unrelated firearm offense. The trial court noted that "[t]he circumstances of the offense were disturbing, involving [Manning-Ruffin] brandishing a firearm with an obliterated serial number during a confrontation at the home of his brother's ex-girlfriend." *Id.* On the burglary conviction, the trial court sentenced Manning-Ruffin to six to twenty-three months of house arrest with electronic monitoring. The trial court ordered Manning-Ruffin to be released from house arrest and transferred to an inpatient treatment facility when a space for him became available at a facility. For criminal trespass, the trial court sentenced Manning-Ruffin to six to twenty-three months of house arrest, concurrent

with the burglary sentence, to be followed by two years of probation. The court imposed no further penalty for criminal mischief.

On September 4, 2014, Manning-Ruffin appeared before the trial court to face allegations that he had violated the terms of his probation. The trial court summarized the evidence presented at the hearing as follows:

> Evidence at the violation hearing on September 4, 2014, demonstrated that [] Manning-Ruffin violated the conditions of his sentence of house arrest by leaving his residence on two occasions without authorization. On August 6, 2014, he left his residence at 12:08 a.m. and did not return until 12:27 a.m. He was given a warning at this time. Later that day he called and explained the circumstances to his probation officer, who decided to give him another chance, but warned him that another house arrest violation would result in his being detained.
>
> On August 19, 2014, Manning-Ruffin again went out of his residence without permission. He left at 11:27 p.m. and did not return until ten minutes later at 11:37 p.m. As a result, he was detained by the warrant unit and his probation officer lodged a detainer against him.
>
> Manning-Ruffin presented testimony from his girlfriend that the alarm went off on August 19[th] without explanation, while Manning-Ruffin was in the shower, and when the monitor called, [that] is what they were told. Manning-Ruffin also testified that he did not leave on August 19[th], but was in the shower when the alarm went off.
>
> There were no reports of any malfunction with the house arrest device.

T.C.O. at 2-3.

At the conclusion of the hearing, the trial court determined that Manning-Ruffin had violated the conditions of probation, and re-sentenced him to one and one-half to three years' incarceration. The trial court also

imposed a consecutive three-year term of probation. The court ordered the aggregate sentence to run consecutively to any other sentences that he was serving at the time.

On September 12, 2014, Manning-Ruffin filed a motion for reconsideration of his sentence. The trial court denied the motion three days later. On October 3, 2014, Manning-Ruffin filed a notice of appeal, which prompted the trial court to order Manning-Ruffin to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On November 19, 2014, Manning-Ruffin timely complied. Finally, on February 4, 2015, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a).

Manning-Ruffin raises the following three issues for our consideration:

1. Did not the trial court violate 42 Pa.C.S. § 9771(d) by revoking [Manning-Ruffin's] probation based on a crime [that Manning-Ruffin] was convicted of before he was originally sentenced and placed on probation?

2. Did not the trial court violate 42 Pa.C.S. § 9771(c) when it imposed a sentence of total confinement for minor technical violations of probation?

3. Did not the trial court abuse its discretion and fail to give individualized consideration to [Manning-Ruffin] when it sentenced him to the manifestly disproportionate and excessive term of [one and one-half to three] years of incarceration followed by a new period of [three] probation years, to be served consecutively to another sentence, for minor technical violations?

Brief for Manning-Ruffin at 4.

- 4 -

In his first issue, Manning-Ruffin maintains that the trial court erroneously revoked his probation by relying primarily upon his prior firearm conviction, of which the court was aware at the time of Manning-Ruffin's original sentencing, and not upon his two minor technical violations. Manning-Ruffin contends that reliance upon the prior conviction constituted an invalid reason for probation revocation, because the prior conviction occurred before he was sentenced and placed on probation in the case *sub judice*.

In an appeal from a sentence imposed following the revocation of probation, our standard of review is well settled:

> Our review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. 42 Pa.C.S. § 9771(b); **see also Commonwealth v. Gheen**, 688 A.2d 1206, 1207 (Pa. Super. 1997) (the scope of review in an appeal following a sentence imposed after probation revocation is limited to the validity of the revocation proceedings and the legality of the judgment of sentence). Also, upon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence. **Id.** 1207-1208; **accord Commonwealth v. Ware**, 737 A.2d 251, 254 (Pa. Super. 1999).

**Commonwealth v. Fish**, 752 A.2d 921, 923 (Pa. Super. 2000) (citations modified).

"Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of

- 5 -

discretion." ***Commonwealth v. Perreault***, 930 A.2d 553, 558 (Pa. Super. 2007). "When assessing whether to revoke probation, the trial court must balance the interests of society in preventing future criminal conduct by the defendant against the possibility of rehabilitating the defendant outside of prison. In order to uphold a revocation of probation, the Commonwealth must show by a preponderance of the evidence that a defendant violated his probation." ***Commonwealth v. Allshouse***, 33 A.3d 31, 37 (Pa. Super. 2011) (quotations and citations omitted). "[T]he reason for revocation of probation need not necessarily be the commission or conviction for subsequent criminal conduct. Rather, this Court has repeatedly acknowledged the very broad standard that sentencing courts must use in determining whether probation has been violated[.]" ***Commonwealth v. Ortega***, 995 A.2d 879, 886 (Pa. Super. 2010) (citations and internal quotations omitted). "A probation violation is established whenever it is shown that the conduct of the probationer indicates the probation has proven to have been an ineffective vehicle to accomplish rehabilitation and not sufficient to deter against future antisocial conduct." ***Id.***

As indicated above, Manning-Ruffin maintains that his behavior "*before he was placed on probation* was not just a factor in the trial court's decision to revoke probation, it was the primary factor in the trial court's decision to revoke." Brief for Manning-Ruffin at 13 (emphasis in original). Pursuant to 42 Pa.C.S. § 9771(d), which states that "the court shall consider the record of the sentencing proceeding together with evidence of the conduct of the

- 6 -

defendant while on probation," a trial court is restrained from considering facts that occurred before the original imposition of probation when determining whether to revoke a person's probation. ***Commonwealth v. Carver***, 923 A.2d 495, 497 (Pa. Super. 2007). Thus, if Manning-Ruffin is correct that the trial court relied upon his firearm conviction, which undoubtedly occurred before he was placed on probation, he would be entitled to relief. However, despite Manning-Ruffin's insistence to the contrary, the record does not support his argument. It is true that, at the violation hearing, the trial court stated the following:

> You know what I was concerned about when I imposed sentence? That you would be a danger to the community. And at that point, you had an open gun case, right?
>
> Before sentencing—shortly before sentencing, you got convicted of that case, and your lawyer at that time, not this lady, stood here and told me, I don't know why, but he told me all about how you got that conviction, all about it. And it was very, very, disturbing. All right. But, I wasn't going to try and go back in time and [undo] that. But here you are doing it to yourself. All right.

Notes of Testimony, 9/4/2014, at 13. Nevertheless, this was the only reference that the trial court made regarding the prior firearm conviction, and the statement occurred immediately before imposition of sentence. The court's statement was not made in contemplation of whether Manning-Ruffin actually had violated his probation.

The trial court confirmed that it considered the prior conviction only as a factor in determining a suitable sentence for Manning-Ruffin in its Rule

1925(a) opinion. The court, relying upon 42 Pa.C.S. § 9771(d), explained the basis for its sentence as follows:

> Here, the gun conviction and the circumstances of that crime, which were discussed at sentencing, along with the circumstances for the instant conviction, the absconding incidents, and [Manning-Ruffin's] denial of the second violation of his in-home detention, were all factors considered in determining an appropriate sentence.

T.C.O. at 4.[2]

Even if the court considered the prior conviction for purposes of determining whether Manning-Ruffin had violated his probation, the record is clear that the court did not utilize the conviction as the "primary" factor, as Manning-Ruffin insists. Manning-Ruffin twice left his residence when he was not permitted to do so. Manning-Ruffin's probation officer elected to warn him after the first violation. Manning-Ruffin did not heed the warning, and left the residence a second time. The trial court relied upon these two violations as the bases for finding Manning-Ruffin in violation of his probation, as is evidenced by the court's remarks that "you are doing it to yourself." *Id.*

_____

[2] We address the trial court's consideration of the conviction for sentencing purposes in our discussion of Manning-Ruffin's second issue. We cite this portion of the trial court's opinion here only to demonstrate that the court considered the prior conviction as part of the sentencing decision, and not as a factor in determining whether Manning-Ruffin had violated his probation.

In its Rule 1925(a) opinion, the trial court explained that it concluded that the Commonwealth had proven a probation violation because "the evidence clearly demonstrated that [Manning-Ruffin] had not once, but twice, violated the terms of his home detention by leaving the premises." T.C.O. at 3. The court continued, "[i]ndeed, despite a warning and a decision by his probation officer not to proceed on a violation at the time of the first absconding incident, less than two weeks later, [Manning-Ruffin] again absconded from his in-home detention." *Id.* at 3-4. Thus, the trial court concluded that Manning-Ruffin's inability to comply with the terms of his house arrest rendered probation to be "an ineffective vehicle to accomplish rehabilitation and not sufficient to deter against future antisocial conduct." **Ortega**, *supra*. The record simply does not support Manning-Ruffin's claim that the decision was based upon his prior conviction.

In his second issue, Manning-Ruffin contends that the trial court erred by imposing a sentence of total confinement based only upon Manning-Ruffin's technical violations. Despite the manner in which Manning-Ruffin frames his issue, the crux of his argument that the trial court based the sentence of total confinement upon Manning-Ruffin's firearm conviction, which occurred prior to Manning-Ruffin being placed on probation. We agree with Manning-Ruffin.

Initially, we note that Manning-Ruffin's claim is a challenge to the discretionary aspects of his sentence. **See Commonwealth v. McAfee**, 849 A.2d 270, 274 (Pa. Super. 2004) (stating that a claim that the trial

court erred in imposing a sentence of total confinement upon revocation of probation is a challenge to the discretionary aspects of one's sentence).

> Two requirements must be met before we will review this challenge on its merits. First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence [pursuant to Pa.R.A.P. 2119(f)]. Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis. In order to establish a substantial question, the appellant must show actions by the trial court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process.

**Commonwealth v. Ferguson**, 893 A.2d 735, 737 (Pa. Super. 2006) (citations omitted).[3] In his brief, Manning-Ruffin has presented a Rule 2119(f) statement of reasons for allowance of appeal in which he argues that the court erred in its application of section 9771 in that his sentence of total confinement was manifestly excessive and based upon an impermissible factor. Brief for Manning-Ruffin at 9. Manning-Ruffin has raised a substantial question. **Commonwealth v. Dodge**, 77 A.3d 1263, 1273 (Pa. Super. 2013) (recognizing that a sentencing court's reliance upon an impermissible factor raises a substantial question).

---

[3] Manning-Ruffin has preserved this issue by filing timely post-sentence motions and a notice of appeal.

Having determined that Manning-Ruffin has raised a substantial question, we proceed to the merits of his claim. Our standard of review is well-settled:

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

*Commonwealth v. Colon*, 102 A.3d 1033, 1043 (Pa. Super. 2014) (quoting *Commonwealth v. Simmons*, 56 A.3d 1280, 1283-84 (Pa. Super. 2012)).

Pursuant to section 9711, a sentencing court "shall not impose a sentence of total confinement upon revocation [of probation] unless it finds that:"

> (1) the defendant has been convicted of another crime; or
>
> (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
>
> (3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9711(c). However, before any sentence of probation may be revoked or increased, subsection 9771(d) mandates that "the court shall consider the record of the sentencing proceeding together with evidence of the conduct of the defendant while on probation." 42 Pa.C.S. § 9771(d). As noted above, in *Carver*, we explicitly held that subsection 9771(d) "clearly

restrains the court from considering facts occurring prior to the imposition of probation when revoking probation." 932 A.2d at 497. By the terms of the subsection, the same must hold true when the court increases a violator's sentence.

In this case, the trial court admitted that it had considered the prior firearm conviction when imposing the post-revocation sentence. *See* T.C.O. at 4. This conduct occurred before Manning-Ruffin was placed on probation, and, pursuant to *Carver*, constituted an impermissible factor for consideration. We noted the following in *Carver*:

> It is important to remember that probation is designed to rehabilitate a defendant so that he can become a productive member of society; thus, probation promotes the interests of the public as well as the defendant. *See Commonwealth v. Del Conte*, 419 A.2d 780 (Pa. Super. 1980). It therefore is inappropriate to consider the defendant's conduct prior to imposition of the probationary term because the efficacy of probation has not yet been tested when that behavior occurred.

*Carver*, 923 A.2d at 497. The trial court's decision to consider an impermissible factor in sentencing Manning-Ruffin violated the plain terms of subsection 9771(d), and was manifestly unreasonable. The court abused its discretion by sentencing Manning-Ruffin to total confinement based at least in significant part on behavior that occurred prior to his being placed on probation. For this reason, we vacate the judgment of sentence, and we remand for a new sentencing proceeding. In light of our disposition, we need not consider Manning-Ruffin's final issue.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judge Panella joins the memorandum.

Judge Strassburger files a concurring memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/2/2015