J-S68007-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LEONARD DOCKERY, | |
| Appellant | No. 3483 EDA 2013 |

Appeal from the Judgment of Sentence Entered October 30, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0005566-2010

BEFORE:  BENDER, P.J.E., DONOHUE, J., and MUNDY, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED DECEMBER 08, 2015**

Appellant, Leonard Dockery, appeals from the judgment of sentence of 1 to 2 years' incarceration, followed by one of year probation, imposed on October 30, 2013, after the trial court revoked his original sentence of probation based on technical violations due to Appellant's failure to report to his probation officer.  Appellant challenges discretionary aspects of his new sentence.  We affirm.

On September 1, 2010, Appellant pled guilty to forgery, 18 Pa.C.S. § 4101(a)(1), and criminal conspiracy to commit forgery, 18 Pa.C.S. § 903(a)(1).  He was sentenced to a term of three years' probation.

> After [Appellant] was sentenced to reporting probation…, [he] missed scheduled office visits on April 26, 2011, and August 1, 2011.  [Appellant] was able to make up both appointments by phone or contact notice.  [Appellant] reported to the Probation Department for the last time on August 5, 2011, missing appointments on August 12, 2011, August 31, 2011, and

September 30, 2011. A contact notice was sent to [Appellant's] address of record on August 16, 2011, and [a] letter warning [Appellant] of arrest was sent on September 16, 2011. Warrant cards were issued on October 14, 2011. [Appellant] was arrested on the probation warrants on October 4, 2013.

Trial Court Opinion (TCO), 1/23/15, at 2 (citations to the record omitted).

On October 30, 2013, Appellant appeared before the court for a probation revocation hearing, at the close of which the court revoked his probation and resentenced him to one to two years' incarceration, followed by one year probation. Appellant was informed at the close of the hearing that he had 10 days within which to file a written post-sentence motion, and 30 days within which to file an appeal. N.T., 10/30/13, at 14.

On November 13, 2013, Appellant filed a post-sentence motion for reconsideration of his sentence. The trial court states that Appellant's motion was "administratively dismissed on November 27, 2013."[1] TCO at 1. Appellant filed a timely notice of appeal, and also timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Herein, he raises two questions for our review:

1. Did not the sentencing court violate the requirements of [42 Pa.C.S.] §9771(c) of the Sentencing Code when, after revoking [Appellant's] probation, it sentenced [him] to a period of total confinement where: 1) he had not been convicted of or charged with a new crime, 2) the record did not demonstrate any likelihood that he would commit a new crime if not incarcerated, and 3) incarceration was not essential to vindicate the authority of the court?

---

[1] The docket contains no entry demonstrating the dismissal of Appellant's motion.

2. Did not the trial court err and abuse its discretion by sentencing [Appellant] to an excessive period of incarceration?

Appellant's Brief at 4.

Appellant's two issues implicate discretionary aspects of his sentence.

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. **Commonwealth v. Sierra**, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

> **Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa. Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. **Commonwealth v. Mann**, 820 A.2d 788, 794 (Pa. Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. **Commonwealth v. Paul**, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Sierra, supra** at 912–13.

**Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010).

Here, as mentioned *supra*, Appellant filed a timely notice of appeal. However, our review of the record indicates that he did not raise his

discretionary aspects of sentencing issues at the sentencing hearing, or in a properly filed post-sentence motion. Specifically, Appellant was sentenced on October 30, 2013, and was informed at that proceeding that he had ten days to file a motion for reconsideration of his sentence. *See* N.T., 10/30/13, at 14; *see also* Pa.R.Crim.P. 708(E) ("A motion to modify a sentence imposed after a revocation shall be filed within 10 days of the date of imposition."). Ten days after October 30, 2013, was Saturday, November 9, 2013; consequently, the deadline for Appellant's motion became Monday, November 11, 2013. *See* 1 Pa.C.S. § 1908 ("When any period of time is referred to in any statute, such period in all cases…shall be so computed as to exclude the first and include the last day of such period. Whenever the last day of any such period shall fall on a Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation."). However, November 11th is the legal holiday of Veterans Day, making the deadline for Appellant's filing of a motion for reconsideration Tuesday, November 12, 2013. *See id.* Appellant's counseled, post-sentence motion was not filed until Wednesday, November 13, 2013. By filing an untimely post-sentence motion, Appellant has waived for our review his challenges to the discretionary aspects of his sentence. *See Commonwealth v. Ahmad*, 961 A.2d 884, 886 (Pa. Super. 2008) ("Issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings.

- 4 -

Absent such efforts, an objection to a discretionary aspect of a sentence is waived.") (quoting **Commonwealth v. Shugars**, 895 A.2d 1270, 1273-74 (Pa. Super. 2006)).

Nevertheless, even had Appellant properly preserved his claims in a timely post-sentence motion, we would conclude that they are meritless. Appellant has included in his brief a Rule 2119(f) statement, in which he argues that the court imposed a sentence of total confinement in violation of the provisions of 42 Pa.C.S. § 9771(c). That statute states that a term of incarceration shall only be imposed following a revocation of probation if the court finds:

> (1) the defendant has been convicted of another crime; or
>
> (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
>
> (3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771(c). Appellant maintains that in his case, "none of these criteria were satisfied." Appellant's Brief at 8. We consider Appellant's claim as constituting a "colorable argument that the sentencing judge's actions were … inconsistent with a specific provision of the Sentencing Code." **Moury**, 992 A.2d at 170. Accordingly, we would deem Appellant's first issue as presenting a substantial question for our review.

Before addressing the merits of Appellant's argument, we note that,

> [i]n general, the imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be

disturbed on appeal. **Commonwealth v. Sierra**, 752 A.2d 910, 913 (Pa.Super.2000). Our standard of review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. 42 Pa.C.S.A. § 9771(b); **Commonwealth v. Gheen**, 455 Pa.Super. 499, 501, 688 A.2d 1206, 1207–08 (1997) (the scope of review in an appeal following a sentence imposed after probation revocation is limited to the validity of the revocation proceedings and the legality of the judgment of sentence).

**Commonwealth v. Hoover**, 909 A.2d 321, 322-23 (Pa. Super. 2006).

In the argument supporting Appellant's first issue, he initially emphasizes that he committed only technical violations of his probation by failing to report; he was not convicted of, let alone charged with, any new crime, so as to justify a sentence of incarceration under section 9771(c)(1). Appellant also maintains that nothing presented to the court at the revocation hearing demonstrated that he was likely to commit a crime if not imprisoned, and the trial court "made no such finding of fact." Appellant's Brief at 11. Thus, Appellant contends that section 9771(c)(2) did not warrant a sentence of imprisonment.

In regard to section 9771(c)(3), Appellant argues that "[a] prison sentence was not 'essential' here, merely because of difficulties in reporting to his probation officer." Appellant's Brief at 17. Appellant stresses that his failure to report "flowed more from chronic homelessness and medical problems" than a disregard for the court's authority. **Id.** at 16. Additionally, Appellant avers that "the court imposed a sentence of total confinement solely on the basis of [his] failure to abide by the conditions of his

- 6 -

probation[,]" where such a sentence was not 'essential' to uphold the court's authority. Appellant maintains that in this regard, the court's sentence of incarceration violates our Supreme Court's holding in **Commonwealth v. Cottle**, 426 A.2d 598 (Pa. 1981). Appellant's Brief at 17. Appellant specifically relies on the following language in **Cottle**:

> Clearly, the failure to abide by the court's directive to meet the terms of probation offends the dignity of the court. However, subparagraph (3) of section 1371(c)[, the predecessor of section 9771(c)(3), which contained identical language,] requires more than merely an affront to the court's authority. The language specifically requires that the sentence be "essential to vindicate the authority of the court."

*Id.* at 601-02.

We disagree with Appellant that the facts of **Cottle** are analogous to his case. Notably, after revoking Cottle's term of probation, the trial court imposed a *statutory maximum sentence*, despite that Cottle had accomplished certain goals "which the probation was designed to achieve[,]" such as "overcoming [] his alcoholic problem and his need to find gainful steady employment." *Id.* at 602. While noting that Cottle should not "necessarily be absolved completely for his failure to comply[,]" the **Cottle** Court concluded that under the "unique facts" of that case, such a significant term of incarceration was not 'essential' to vindicating the court's authority. *Id.*

To the contrary, in Appellant's case, the trial court's sentence following revocation of his probation did not come anywhere close to the aggregate term of 20 years' incarceration that the court could have imposed. **See** TCO

- 7 -

at 4 ("The sentence imposed was well under the statutory maximum for the convictions of Conspiracy and Forgery [which carry] ten years['] incarceration on each charge."). Additionally, while Appellant provided evidence at the revocation hearing that he had accomplished a goal of securing housing at "My Place Germantown" for the two years prior to his arrest, *see* N.T. at 5, that fact actually undercut his argument that he failed to report to his probation officer due to 'chronic homelessness.'

Moreover, the record supports the trial court's conclusion that Appellant acted with "a flagrant disregard for the terms of probation." TCO at 3. Specifically, the court emphasized:

> [Appellant] not only stopped reporting to probation but failed to turn himself in once he was aware of an active warrant for his arrest. In reply to the Court['s] asking [Appellant] [at the revocation hearing] why he [did not] report to the Probation Department, he said, "And by then [the court had] already issued a warrant for my arrest...[.] So it would have – I would have been going to turn myself in, not just [reporting to the Probation Department]." N.T. 10/30/2013, p. 9. It is clear from the record that [Appellant] knew about his arrest warrant, failed to turn himself in, and instead was picked up by the Police Department over two years after his last appointment. As a term of probation was ineffective on [Appellant], it became necessary to impose a term of incarceration in order to vindicate the authority of the court.

TCO at 4.

The record supports the trial court's determinations, and we ascertain no abuse of discretion or error of law in its conclusion that a term of incarceration was essential to vindicate its authority. As such, had Appellant preserved this claim in a timely post-sentence motion, we would conclude

that the court did not err in imposing a term of incarceration under section 9771(c)(3).

In Appellant's second issue, he asserts that the length of his sentence was "unreasonable and excessive" where his failure to report was "due to chronic homelessness…." Appellant's Brief at 18. Appellant also claims that the trial court "seemed to exclusively focus on [A]ppellant's technical violations rather than his rehabilitative needs or mitigated circumstances." *Id.* at 19.

Initially, Appellant did not raise these claims in his Rule 2119(f) statement, or provide any explanation of how the court's alleged failures violated a specific provision of the Sentencing Code or a fundamental norm underlying the sentencing process. Therefore, we would not deem Appellant's second issue as presenting a substantial question for our review. In any event, we also note that in the argument section of his brief, Appellant does not explain what rehabilitative needs or "mitigated circumstances" the court failed to consider when fashioning his sentence. Thus, his undeveloped argument would not warrant relief, even had he preserved this claim in a timely-filed post-sentence motion, and raised a substantial question in his Rule 2119(f) statement.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/8/2015</u>