J-S26005-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| AQUIL MAYS | |
| Appellant | No. 1282 EDA 2015 |

Appeal from the Judgment of Sentence April 6, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011892-2007

BEFORE: OLSON, STABILE and STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.: **FILED APRIL 19, 2016**

Appellant, Aquil Mays, appeals from the judgment of sentence entered on April 6, 2015 following the revocation of his parole and concurrent probation. We affirm.

The trial court briefly summarized the facts and procedural history of this case as follows:

> On October 14, 2009, [Appellant] pleaded guilty to violating the Uniform Firearms Act (VUFA) by carrying a firearm despite being a person prohibited from doing so, 18 Pa.C.S.A. § 6105, and VUFA 18 Pa.C.S.A. § 6106, carrying a firearm without a license. He was sentenced on that date to 84 months [of] reporting probation for VUFA § 6106, and a concurrent sentence of 44 to 99 months [of] incarceration for VUFA § 6105.
>
> On January 21, 2015, a revocation hearing was held, after which, [Appellant's] probation was revoked for multiple technical violations and a presentence report was ordered. On April 6, 2015, [Appellant] was sentenced to 30 to 78 months [of] incarceration for VUFA § 6106. [Appellant]

*Retired Senior Judge assigned to the Superior Court.

filed a petition to vacate and reconsider sentence on April 10, 2015, which was denied without a hearing on April 14, 2015.

On May 6, 2015, [Appellant] filed a notice of appeal to this [violation of probation] sentence. On May 7, 2015, [the trial] court ordered [Appellant] to file a concise statement of [errors] complained of on appeal within 21 days of the date of [that] order. On May 28, 2015, defense counsel filed a statement of errors complained of on appeal, listing one issue.

Trial Court Opinion, 7/6/2015, at 2 (quotations and superfluous capitalization omitted).

Thereafter, the trial court granted defense counsel three extensions of time to file an amended concise statement after obtaining the transcript of the violation hearing. When counsel requested a fourth extension of time, the trial court denied relief. Subsequently, the trial court addressed the single issue set forth in Appellant's timely filed concise statement in an opinion entered on July 6, 2015.

On appeal, Appellant presents the following issue for our review:

Did not the lower court err and abuse its discretion at [A]ppellant's violation of probation hearing by imposing a manifestly excessive sentence of two-and-a-half to six-and-a-half years [of imprisonment], which constituted too severe a punishment for technical violations, and the lower court failed to explain how, as a matter of law, this sentence was the least stringent one adequate to protect the community and complied with the requirements of the Sentencing Code, 42 Pa.C.S. § 9771[?]

Appellant's Brief at 4.

Appellant contends the trial court abused its discretion by revoking his parole and concurrent probation and sentencing him to a term of total confinement when he absconded from a halfway house to spend time with his dying father. *Id.* at 13. More specifically, he claims the trial court failed to determine whether total confinement was justified under 42 Pa.C.S.A. § 9771(c).[1] *Id.* at 14-15. Appellant asserts that the revocation of his probation resulted from a technical violation of his probation, he was not convicted of another crime, and sentences of total confinement are generally not permissible for absconding from supervision. *Id.* at 15-18. Citing the notes of testimony from the revocation hearing, Appellant suggests that the trial court considered his absconding from the halfway house as if it were a criminal conviction for escape. *Id.* at 16-17. Appellant also argues that the trial court did not determine whether the sentence of imprisonment was imposed because Appellant was likely to commit another crime or was

_____

[1] The court shall not impose a sentence of total confinement upon revocation unless it finds that:

> (1)   the defendant has been convicted of another crime; or
>
> (2)   the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
>
> (3)   such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S.A. § 9771(c).

essential to vindicate the authority of the court pursuant to Section 9771(c)(2) and (3). *Id.* at 15-16. Thus, he claims the trial court abused its discretion by sentencing him to a term of incarceration "that was a mere six months less than the maximum [sentence] permitted by statute." *Id.* at 10-11.

As Appellant objects to the duration of his sentence, and does not challenge the trial court's determination that he was in technical violation of the terms of his probation and parole, we read Appellant's challenge to be one regarding the discretionary aspects of his sentence. *See Commonwealth v. Schutzues*, 54 A.3d 86, 91 (Pa. Super. 2012), *appeal denied*, 67 A.3d 796 (Pa. 2013); *Commonwealth v. Rhoades*, 8 A.3d 912, 916 (Pa. Super. 2010), *appeal denied*, 25 A.3d 328 (Pa. 2011). "[T]his [C]ourt's scope of review in an appeal from a revocation sentence[e] includes discretionary sentencing challenges." *Commonwealth v. Cartrette*, 83 A.3d 1030, 1034 (Pa. Super. 2013) (*en banc*).

"Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Clarke*, 70 A.3d 1281, 1287 (Pa. Super. 2013), *appeal denied*, 85 A.3d 481 (Pa. 2014) (citation omitted). Pursuant to statute, Appellant does not have an automatic right to appeal the discretionary aspects of his sentence. *See* 42 Pa.C.S.A.

§ 9781(b).   Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence.  *Id.*

As this Court has explained:

> To reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine:   (1)  whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. [708]; (3)  whether  appellant's  brief  has  a  fatal  defect,  Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 [Pa.C.S.A.] § 9781(b).

*Commonwealth v. Cook*, 941 A.2d 7, 11 (Pa. Super. 2007); *see also Commonwealth v. Kalichak*, 943 A.2d 285, 289 (Pa. Super. 2008) ("when a court revokes probation and imposes a new sentence, a criminal defendant needs to preserve challenges to the discretionary aspects of that sentence either by objecting during the revocation sentencing or by filing a post-sentence motion").

Here, Appellant filed a timely notice of appeal and the issue was properly preserved in a post-sentence motion.   Appellant includes a statement pursuant to Pennsylvania Rule of Appellate Procedure 2119(f) in his brief.   Thus, we turn to whether the appeal presents a substantial question.

Since Appellant was sentenced following the revocation of probation, the sentencing guidelines do not apply to Appellant's sentence.   204 Pa. Code § 303.1(b); *Commonwealth v. Williams*, 69 A.3d 735, 741 (Pa.

Super. 2013), *appeal denied*, 83 A.3d 415 (Pa. 2014). "[U]pon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." *Commonwealth v. Coolbaugh*, 770 A.2d 788, 792 (Pa. Super. 2001) (citation omitted). Thus, in sentencing Appellant, the trial court was required to "consider the general principles and standards of the Sentencing Code." *Commonwealth v. Russell*, 460 A.2d 316, 322 (Pa. Super. 1983). Section 9721 expresses these general principles in the following manner:

> the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

42 Pa.C.S.A. § 9721(b). These factors must be considered along with those under Section 9771, relating to revocation, as set forth above.

> As we have explained:

> The determination of whether a particular case raises a substantial question is to be evaluated on a case-by-case basis. Generally, however, in order to establish that there is a substantial question, the appellant must show actions by the sentencing court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process.

*Commonwealth v. Marts*, 889 A.2d 608, 612 (Pa. Super. 2005) (internal citations omitted).

We have previously determined that an appellant raises a substantial question when he contends the trial court imposed an excessive sentence of

- 6 -

total confinement, disproportionate to underlying technical violations of probation, without considering or discussing the mandatory factors of 42 Pa.C.S.A. § 9771. *See Commonwealth v. Malovich*, 903 A.2d 1247, 1253 (Pa. Super. 2006); *see also Commonwealth v. Sierra*, 752 A.2d 910, 913 (Pa. Super. 2000) (stating that a substantial question is presented when a probation revocation sentence of total confinement, in excess of the original sentence, is imposed as a result of a technical violation of parole or probation). Here, Appellant argues the trial court did not discuss Section 9771 factors before he received an excessive sentence for technical violations of his probation. We conclude that Appellant has presented a substantial question, so we turn now to the merits of his sentencing claim.

The imposition of sentence following the revocation of probation is vested within the sound discretion of the probation revocation court, which, absent an abuse of that discretion, will not be disturbed on appeal. *Sierra*, 752 A.2d at 913. On review, we determine the validity of the probation revocation proceedings and the authority of the probation revocation court to consider the same sentencing alternatives that it had at the time of the initial sentencing. *See* 42 Pa.C.S.A. § 9771(b); *Commonwealth v. Gheen*, 688 A.2d 1206, 1207–08 (Pa. Super. 1997). "There shall be no revocation or increase of conditions of sentence [] except after a hearing at which the court shall consider the record of the sentencing proceeding together with evidence of the conduct of the defendant while on probation." 42 Pa.C.S.A.

- 7 -

§ 9771(d). Following revocation of probation, a probation revocation court need not undertake a lengthy discourse for its reasons for imposing a sentence of total confinement, but the record as a whole must reflect the probation revocation court's consideration of the facts of the case and character of the offender. *Commonwealth v. Crump*, 995 A.2d 1280, 1283 (Pa. Super. 2010). "The trial court [is] not limited to a consideration of only the most recent events in [an a]ppellant's [parole/probation] history" and we have previously concluded it is "not an abuse of discretion for the trial judge to review the entirety of the [s]upervision [h]istory submitted at the hearing by the Pennsylvania Department of Probation and Parole when sentencing [an a]ppellant." *Commonwealth v. McAfee*, 849 A.2d 270, 276 (Pa. Super. 2004).

Here, at the revocation hearing, the trial court reviewed a case summary of Appellant's probation and parole history prepared by the Pennsylvania Board of Probation and Parole (supervision summary).[2] The trial court, relying upon the supervision summary, recognized that Appellant was adjudicated delinquent seven times as a juvenile for "possessing a weapon on school property, 4 cases involving robbery and related charges, theft of a vehicle and possession of a controlled substance" and that

---

[2] Appellant, does not dispute that the trial court had the supervision summary at its disposal at the revocation hearing. Moreover, Appellant did not challenge the contents of his supervision summary or argue he lacked notice it would be presented.

Appellant "was expelled from school in 8th grade for bringing a knife to school."  Trial Court Opinion, 7/6/2015, at 4 n.5.  As an adult, Appellant "had 12 arrests, 4 convictions, 6 commitments, 9 violations, and 4 revocations, specifically, 2 robbery arrests, 4 [possession with intent to deliver controlled substances] arrests (3 commitments), 4 possession [of controlled substances] arrests, and one theft arrest.  *Id.*  The trial court then detailed Appellant's probation/parole history on the underlying offense at issue, noting that Appellant:  (1) absconded from supervision in March 2013, telling his landlord he was going to California because his sister died, and was arrested on a warrant in Altoona, Pennsylvania in July 2013, wherein Appellant was intoxicated and belligerent and possessed a citation for driving with a suspended license; (2) was re-paroled in January 2014, but disciplined in April 2014 for missing curfew, smelling of marijuana, and admitting to taking Xanax and Percocet, and then later discharged from a treatment facility for failing to comply with treatment and going on a hunger strike; (3) was seen catching a package thrown over a gate at the Kintock Community Correction Center in May 2014, but refused to be searched and then later tested positive for marijuana and opiate use; and (4) was paroled to the Joseph E. Coleman facility in June 2014 and absconded in September 2014, when he left Temple Episcopal Hospital after he was taken there following a collapse from knee pain.  *Id.* at 5-6 (record citations omitted). Appellant argued that the Parole Board had hearings regarding these alleged

infractions, but he was not found guilty or in violation of the terms of his supervision. N.T., 1/21/2015, at 11. However, the trial court determined Appellant "had multiple technical violations [with an] accent on the word multiple." *Id.* at 15. Accordingly, the trial court revoked Appellant's probation and ordered a pre-sentence investigation (PSI) report prior to sentencing. *Id.*

At the sentencing hearing, the trial court received a modified PSI report, because Appellant "declined to participate in" an interview. N.T., 4/6/2015, at 4. Appellant informed the trial court that he "received nine months [of imprisonment] from the [Parole] Board for absconding from their supervision" at the Joseph E. Coleman facility. *Id.* at 6. The trial court then went over Appellant's supervision summary again. *Id.* at 9-14. Appellant executed his right to allocution, arguing he did not understand why the trial court was considering his supervision summary when he was not found guilty of the alleged parole infractions, however, he admitted he absconded from supervision to be with his ill father. *Id.* at 15.

In imposing sentence, the trial court noted Appellant is "a very bad probationer" and "giving [Appellant] more probation would just be silly at this point" because "[i]t hasn't worked" as Appellant is "not a good candidate for community supervision." *Id.* at 18. The trial court recognized that when Appellant was first paroled, "his behavior was better than his behavior was the longer he had his freedom." *Id.* Accordingly, the trial court concluded

that "[s]tate prison had some effect on [Appellant], but not as much of an effect as it should have." *Id.* The trial court also inquired into whether Appellant availed himself of vocational training programs while in prison. *Id.* When Appellant responded he had completed two programs, the trial court replied:

> Obviously, that didn't work. Maybe they'll give [the Thinking for a Change Program] to you again, kind of change your ways of thinking.
>
> This is the minimum sentence that is required when I balance your potential for rehabilitation, which isn't very good right now, versus my duty to protect the public. But I hope this stint, even though it's shorter in state prison, has a better effect at modifying your behavior than the last state prison sentence that I gave.

*Id.* at 19. The trial court sentenced Appellant to 30 to 78 months of imprisonment. *Id.* at 18.

Based upon all of the foregoing, we discern no abuse of discretion in imposing a sentence of 30 to 78 months of total confinement upon Appellant. Initially, we note it was proper for the trial court to rely on Appellant's entire supervision summary. *McAfee*, 849 A.2d at 276. The trial court detailed Appellant's juvenile and adult criminal history and ultimately determined it would be fruitless to impose additional probation because he consistently failed to follow the rules of supervision, thus showing probation has not been an effective rehabilitation tool. While on probation, Appellant flouted curfew, admitted to drug use and tested positive for controlled substances on at least one occasion, retrieved a package

- 11 -

thrown over a secured facility wall and then refused to be searched, and absconded from supervision on two separate occasions. Thus, the trial court concluded probation was clearly not effective as a rehabilitative method, whereas, "[s]tate prison had some effect on [Appellant], but not as much of an effect as it should have." N.T., 4/6/2015, at 18. Thus, the record supports the trial court's imposition of a sentence of total confinement both because Appellant's conduct indicated it was likely that he would reoffend and imprisonment was essential to vindicate the court's authority. We discern no abuse of discretion. Hence, we conclude the trial court complied with Section 9771 and Appellant's sole issue fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/19/2016