J-A12008-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ISHMALE BROWN | |
| Appellant | No. 31 MDA 2020 |

Appeal from the Judgment of Sentence Entered November 27, 2019
In the Court of Common Pleas of Lackawanna County
Criminal Division at No: CP-35-CR-3239-2010

BEFORE:  LAZARUS, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY STABILE, J.: **FILED SEPTEMBER 10, 2021**

Appellant, Ishmale Brown, appeals from the November 27, 2019 judgment of sentence imposing an aggregate 24 to 60 months of incarceration after revocation of Appellant's probation for two counts of possession with intent to deliver ("PWID") a controlled substance.[1]  Appellate counsel has filed a brief and petition to withdraw in accordance with **Anders v. California**, 386 U.S. 738 (1967) and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). We affirm the judgment of sentence and grant counsel's petition to withdraw.

On May 31, 2011, the trial court sentenced Appellant to two to four years of incarceration followed by two years of probation on the first count, and a consecutive 12 to 36 months followed by two years of probation on the

_____

[1]  35 P.S. § 780-133(a)(30).

second count. On September 4, 2018, the trial court issued a bench warrant based on Appellant's repeated failure to report as required to his probation officer. On October 10, 2019, the trial court scheduled a hearing on Appellant's violations. At the November 26, 2019 violation hearing,[2] Appellant stipulated to absconding from supervision for more than one year until his arrest in New York.[3] The trial court therefore revoked both two-year probation sentences, imposing 12 to 36 months of incarceration on count one, followed by 12 to 24 months of incarceration on count two, for an aggregate sentence of 24 to 60 months, with appropriate credit for time served. The judgment of sentence was docketed one day later. Appellant moved for reconsideration on December 5, 2019. The trial court denied reconsideration on December 10, 2019. This timely appeal followed.

Before turning to the merits, we examine counsel's compliance with **Anders** and **Santiago**. Our Supreme Court requires counsel to do the following.

> Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must:

---

[2] **See Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

[3] The trial court opinion states that Appellant was arrested in New Jersey and then extradited to Pennsylvania. The transcript of the November 26, 2019 hearing indicates that Appellant was facing charges in New York. N.T Hearing, 11/26/19, at 2. Regardless, Appellant stipulated to failing to report for more than one year, and he was facing charges in another state as of the time of his violation hearing.

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief.

*Commonwealth v. Orellana*, 86 A.3d 877, 879-80 (Pa. Super. 2014).

Our review of the *Anders* brief and the record confirms that counsel has complied with these requirements. The brief addresses three questions that Appellant wishes to have presented. We address them in turn.

Our review of a sentence imposed following revocation of probation is limited to the validity of the revocation proceedings and the sentencing court's authority to consider the same sentencing alternatives available at the original sentencing. *Commonwealth v. MacGregor*, 912 A.2d 315, 317 (Pa. Super. 2006). First, the *Anders* brief addresses the discretionary aspects of Appellant's sentence. Appellant believes the trial court imposed harsh and excessive sentences given that his violation was technical. Because "there is no absolute right to appeal when challenging the discretionary aspect of a

- 3 -

sentence," **Commonwealth v. Dodge**, 77 A.3d 1263, 1268 (Pa. Super. 2013), an appellant challenging the discretionary aspects of a sentence must invoke this Court's jurisdiction by satisfying a four-part test. We must determine: 1) whether the appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether the appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. **Commonwealth v. Moury**, 992 A.2d 162, 169-70 (Pa. Super. 2010).

Appellant challenged his sentence in a motion to reconsider and he filed a timely notice of appeal. The **Anders** Brief, at page 10, includes a statement pursuant to Pa.R.A.P. 2119(f), and this Court has held that an allegation of an excessive sentence based on a technical probation violation raises a substantial question. **Commonwealth v. Schutzues**, 54 A.3d 86, 98 (Pa. Super. 2012), **appeal denied**, 67 A.3d 796 (Pa. 2013). This issue is properly before us. We conduct our review according to the following strictures:

> Our review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. 42 Pa.C.S.A. § 9771(b). **See also Commonwealth v. Gheen**, […] 688 A.2d 1206, 1207 ([Pa. Super.] 1997) (the scope of review in an appeal following a sentence imposed after probation revocation is limited to the validity of the revocation proceedings and the legality of the judgment of sentence). Also, upon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence. **Id**. [at] 1207-08. **Accord**

> **Commonwealth v. Ware**, 737 A.2d 251, 254 (Pa. Super. 1999). Finally, it is the law of this Commonwealth that once probation has been revoked, a sentence of total confinement may be imposed if any of the following conditions exist:
>
>> (1) the defendant has been convicted of another crime; or
>>
>> (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or,
>>
>> (3) such a sentence is essential to vindicate the authority of court.
>
> 42 Pa.C.S.A. § 9771(c).

**Commonwealth v. Fish**, 752 A.2d 921, 923 (Pa. Super. 2000).

The trial court explained that Appellant's conduct demonstrated that a term of imprisonment was essential to vindicate the authority of the court based upon a poor supervision history, including failure to obtain employment and possessing controlled substances on several occasions, assaultive behavior toward law enforcement, his disappearance for one year, and his arrest for new offenses out-of-state, for which charges were pending as of the revocation proceeding. Trial Court Opinion, 1/14/21, at 6. For these reasons, the trial court found that incarceration was warranted because of the likelihood that Appellant would reoffend, in addition to the need for the court to vindicate its authority. We agree with counsel's conclusion that this issue is frivolous.

Next, the **Anders** Brief addresses Appellant's argument that the trial court denied his right of allocution. "At the time of sentencing, the judge shall afford the defendant the opportunity to make a statement in his or her behalf and shall afford counsel for both parties the opportunity to present information

and argument relative to sentencing." Pa.R.Crim.P. 708(D)(1). "[A]llocution is an underlying process through which the defendant is given the opportunity to speak, and through which the court may be inclined to grant leniency." **Commonwealth v. Jacobs**, 900 A.2d 368, 377 (Pa. Super. 2006) (*en banc*), **appeal denied**, 917 A.2d 313 (Pa. 2007). "Failure to grant a defendant this important right undoubtedly constitutes legal error. On the other hand, like most legal errors, it is nevertheless waivable under Pennsylvania law." **Id.** (citation omitted). Counsel notes, and our review of the record confirms, that Appellant did not raise this issue during sentencing or in his post-sentence motion. This issue is not preserved for review. Pa.R.A.P. 302(a).[4]

Finally, the **Anders** Brief addresses the trial court's failure to state the reasons for its sentence on the record, per Pa.R.Crim.P. 708(D)(2) and 42 Pa.C.S.A. § 9721(b). "In every case in which the court imposes a sentence […] following revocation of probation […], the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." 42 Pa.C.S.A. § 9721(b). The record confirms that the trial court did not explain its sentence on the record. N.T. Hearing, 11/26/19, at 3-4. As with the previous issue, however, Appellant did not raise any objection at the time of sentencing or in his post-

---

[4] "Issues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a).

sentence motion. Pursuant to Pa.R.A.P. 302(a), this issue is not preserved for review.

Based on the foregoing, we agree with counsel's conclusion that the issues addressed in the ***Anders*** brief are frivolous. Our independent review of the record reveals no non-frivolous issues Appellant could have presented. We observe that the statutory maximums for Appellant's two PWID convictions were 180 months for count 1 (heroin) and 120 months for count 2 (cocaine). 35 P.S. § 780-113(f)(1), (2). The revocation sentences combined with the earlier sentences fall well within the statutory maximums and are legal. Further, as noted above, Appellant stipulated to the violation at the revocation hearing.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/10/2021